# McCORMICK *v.* OKLAHOMA CITY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 170.   Argued March 4, 1915.—Decided March 15, 1915.

Where the bill presents a case of diversity of citizenship only, the decree of the Circuit Court of Appeals is final: An appeal to this court must be dismissed.

An allegation in a pleading that by reason of contracts with a municipality plaintiff had a vested right of property in such contracts or in their performance and that a refusal to perform amounts to deprivation of such property does not give the allegation any other character than that of one alleging ordinary breach of contract.

A constitutional question cannot be imported into the case in that manner.

Appeal from 203 Fed. Rep. 921, dismissed.

THE facts, which involve the jurisdiction of this court to review judgments of the Circuit Court of Appeals, are stated in the opinion.

*Mr. B. F. Burwell* for appellant.

*Mr. Claude Weaver,* with whom *Mr. J. W. Johnson* and *Mr. V. V. Hardcastle* were on the brief, for appellees.

Memorandum opinion by MR. JUSTICE MCKENNA, by direction of the court.

Suit for specific performance of eighteen contracts for the paving of certain streets in the city of Oklahoma City, Oklahoma.

A temporary restraining order was applied for and denied. The suit subsequently came on to be heard on the bill, answer and proofs, and a decree was entered dismissing it. The decree was affirmed by the Circuit Court of Appeals. 203 Fed. Rep. 921.

A question of jurisdiction arises, that is, whether an appeal lies from the decree of the Circuit Court of Appeals to this court, and that depends upon the ground on which the jurisdiction of the District Court was invoked and whether, as a consequence, the decree of the Circuit Court of Appeals was final.

The bill alleges that McCormick, whom we shall designate as complainant, is a citizen and resident of St. Louis, Missouri, and that the city of Oklahoma City is a citizen and resident of Oklahoma, being a municipal corporation thereof, and that the other defendants are its officers.

The gravamen of the suit is that under an ordinance of the city, resolutions were passed by the city council at different times providing for the paving of certain streets in the city and that under due and legal proceedings had under such resolutions plans, specifications and estimates of the work were prepared by the city engineer. That in accordance with these and notices published complainant filed with the city clerk proposals and bids which were afterwards by the council duly accepted; that they, there-

fore, became and constituted valid and binding contracts between the city and complainant for making such improvements and that he by reason of such contracts has a vested right of property in the same and is entitled to be permitted to perform the same. That subsequently the council attempted by resolution or motion to reconsider its action and to set aside the awards, in violation of complainant's rights. That he tendered formal written contracts and requested the acting mayor to execute them, but that officer refused to do so or to approve the bonds presented therewith. That complainant has done in all other particulars the things required to be done and performed by him and had done some work under his contracts before. they were attempted to be set aside. That unless restrained the city will deprive complainant of the privilege of making the improvements and prevent him from making the profits thereon, which would amount to at least $45,000; that the attempt of the city to set aside the awards to complainant "is in violation of the Constitution of the United States and in violation of the constitution and laws of the State of Oklahoma, and is an attempt to deprive this complainant of property without due process of law."

These are the general outlines of the bill and they are sufficient to show that diversity of citizenship was alleged and, in a general way, that the Constitution of the United States and of the State of Oklahoma were violated. The basis of the latter allegation is that complainant had binding contracts with the city which the city refused to permit him to perform. Their breach is alleged and nothing more, and the allegation gets no other quality or character by the assertion that complainant had a "vested right of property" in the contracts or their performance and that to take this away is a deprivation of property without due process of law. Nor would such be the result if complainant had averred that the circumstances amounted

to an impairment of the obligation of his contract, a contention which he in effect urged upon the oral argument.

The case, therefore, falls under the ruling in *St. Paul Gas Light Co.* v. *St. Paul*, 181 U. S. 142, and subsequent cases.

In *Dawson* v. *Columbia Trust Company*, 197 U. S. 178, 181, it was said that the mere fact that a city is a municipal corporation does not give to its refusal to perform a contract the character of a law impairing its obligation or depriving of property without due process of law. *St. Paul Gas Light Co.* v. *St. Paul, supra,* was adduced.

In *Shawnee Sewerage & Drainage Co.* v. *Stearns*, 220 U. S. 462, 471, it was said: "The breach of a contract is neither a confiscation of property nor a taking of property without due process of law."

It follows that the bill presents a case of diversity of citizenship only and the decree of the Circuit Court of Appeals was final.

We may observe that that court and the District Court decided that there were no contracts consummated by complainant with the city.

*Appeal dismissed.*