MANILA INVESTMENT COMPANY *v.* TRAMMELL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF FLORIDA.

No. 250.   Motion to affirm or dismiss submitted October 12, 1915.—Decided November 1, 1915.

Mere breach of contract on the part of state officers does not amount to a taking of plaintiff's property without due process of law in violation of the Fourteenth Amendment.

Where the allegation of the bill relied on to give jurisdiction shows mere breach of contract on the part of state officers the case does not present a real and substantial controversy involving the construction or effect of the Federal Constitution and the District Court does not have jurisdiction on that ground.

THE facts, which involve the jurisdiction of the District Court of the United States in cases involving constitutional questions, are stated in the opinion.

*Mr. N. B. K. Pettingill* and *Mr. Arthur F. Odlin* for appellants in opposition to the motion.

*Mr. Thomas F. West,* Attorney General of the State of Florida, *Mr. E. J. L'Engle* and *Mr. P. H. Odom* for appellees in support of the motion.

Memorandum opinion by MR. JUSTICE DAY, by direction of the court.

This case was begun in the District Court of the United States for the Southern District of Florida, upon a bill praying to have the title to certain lands decreed to be held in trust for complainant by the Board of Trustees of the Internal Improvement Fund of Florida, and to recover lands deeded to others but likewise held in trust for complainants. The court below dismissed the bill for want of jurisdiction.

An examination of the bill shows that the ground of recovery rests upon the allegation that the trustees contracted to convey the lands in question to the complainants, and afterwards, by formal resolution, the Board repudiated its former action, and refused to recognize the alleged trust, and declared the complainants' title null and void. Complainants contend that this action by the trustees, as an agency of the State, in repudiation of its former action and the conveyance of part of the land to others in violation of the trust, constituted a taking of its property without due process of law, in violation of the provisions of the Fourteenth Amendment. This is the only ground of Federal jurisdiction insisted upon.

The case presented no real and substantial controversy involving the construction or effect of the Federal Constitution. The allegations relied upon to give jurisdiction show a breach of contract merely and bring the case within the principles decided by this court in *St. Paul Gas Light*

*Co.* v. *St. Paul*, 181 U. S. 142; *Dawson* v. *Columbia Avenue &c. Co.*, 197 U. S. 178; *Shawnee Sewerage Co.* v. *Stearns*, 220 U. S. 462; *McCormick* v. *Oklahoma City*, 236 U. S. 657.

*Affirmed.*