## GRANTHAM et al. v. CITY OF CHADRON.

Circuit Court of Appeals, Eighth Circuit.
June 10, 1927.

No. 6746.

**1. Constitutional law ⟨key⟩134—Obligation of contract held not impaired by ordinance for condemnation of right of way for water pipes (Const. art. 1, § 10).**

A city ordinance, passed under power conferred by Rev. St. Neb. 1913, §§ 4904, 4905, for condemnation of right of way for a water pipe line, *held* not an impairment of the obligation of an alleged contract between the city and the landowner for purchase of the right of way, within Const. art. 1, § 10, but rather a repudiation of the contract.

**2. Municipal corporations ⟨key⟩593—City cannot contract away police power.**

A city cannot contract away the right to exercise its police powers in the public interest.

**3. Constitutional law ⟨key⟩113—Repudiation of contract is not impairment of its obligation (Const. art. 1, § 10).**

Mere repudiation of a contract is not impairment of its obligation, within Const. art. 1, § 10.

**4. Removal of causes ⟨key⟩18—Cause removed from state court held not to involve constitutional question which gave federal court jurisdiction.**

Cause removed from state court *held* not to involve constitutional question, which gave the federal court jurisdiction.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit in equity by Uriah W. Grantham and Elizabeth F. Grantham against the city of Chadron. Decree for defendant, and complainants appeal. Reversed, with direction to remand to state court.

Allen Gwire Fisher, of Chadron, Neb. (Samuel L. O'Brien, of Chadron, Neb., on the brief), for appellants.

J. E. Porter, of Crawford, Neb. (Greydon L. Nichols, of Chadron, Neb., on the brief), for appellee.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge. The city of Chadron, Neb., condemned certain lands of the appellants for a right of way to be used for a pipe line by the city in the enlargement of its water supply. The city proceeded under Ordinance No. 329 of said city for the appropriation of the right of way, which ordinance was enacted under the authority of sections 4904 and 4905, Revised Statutes of Nebraska 1913. The above statutory provisions authorize cities of Nebraska to purchase or appropriate private property for the use of the city in the construction of waterworks, making provision for the assessment of damages by disinterested freeholders. Section 4937, Rev. Stat. Neb. 1913, provides for an appeal to the district court of the county from the assessment of damages by the freeholders. This suit originated as an appeal by appellants to the district court of Dawes county, Neb., from an award of

$600 by freeholders as damages for the appropriation of the right of way.

After the appeal had been taken, appellants removed the case to the District Court of the United States for the District of Nebraska, in which court appellants filed a petition setting up a conveyance by them to the city of the right of way upon the consideration that arbitrators should assess the value thereof, and a contract between them and the city of Chadron for the submission to arbitrators, containing an award of $5,000 for the right of way over the premises of appellants. They further alleged the invalidity of the condemnation proceedings under Ordinance No. 329, supra, and sought specific enforcement of the award of $5,000 and the agreement under which it was made. To the petition, the city filed an answer alleging that the contracts between the appellants and the city were executed without authority from the city or its council, that the same were never fully executed by either of the·parties, that the award was void and unenforceable because unconscionable, inequitable, and that the same was obtained by fraud. The contract pleaded by appellants was prior in point of time to the enactment of Ordinance No. 329, supra, and it is contended that said ordinance made pursuant to the laws of the state of Nebraska is a law impairing the obligations of the contract, within the meaning of section 10 of article 1 of the Constitution of the United States. The cause was referred to a special master, who found that the contract upon which appellants relied for their cause of action was never officially approved by the city of Chadron, and recommended a dismissal of the petition for want of equity. The report of the master was approved by the District Court and the petition ordered dismissed. Error is assigned in the refusal of the court to order specific performance of the arbitration agreement and the refusal to enter judgment for the $5,000 award of the arbitrators.

[1, 2] The only question we deem necessary to determine is whether the ordinance providing for the condemnation of the right of way impairs the obligations of the contract for arbitration made by the parties hereto, for this constitutes the only ground for the maintenance of the cause in the federal court. We are of the opinion that the ordinance complained of is not within the constitutional inhibition against impairing the obligations of a contract. The city, in passing the ordinance, was exercising powers conferred by the statutes of the state of Nebraska, in the interest of the public, and it is not contended that the ordinance under consideration was not valid under the laws of the state of Nebraska. The city, in obtaining the right of way for a pipe line, was exercising a right conferred upon it by statute, as a police power, having as its purpose the supplying of water to its inhabitants. The Supreme Court of the United States, in Northern Pacific Railway Co. v. State of Minnesota ex rel. City of Duluth, 208 U. S. 583, 28 S. Ct. 341, 52 L. Ed. 630, held that the exercise of the police power in the interest of public health and safety is to be maintained unhampered by contracts in private interests, and further, that the right to exercise the police power is a continuing one that cannot be limited or contracted away by the state or its municipality.

[3] In the instant case the city of Chadron refused to recognize the existence of a valid contract for the purchase of the right of way, but proceeded to appropriate the lands of appellants under the ordinance enacted. We are of the opinion that the effect of the ordinance enacted by the city was only a repudiation of the alleged contract of arbitration; therefore no federal question is presented. It is well settled that the mere repudiation of its contract is not an impairment of the contract, within the meaning of the Constitution of the United States. St. Paul Gaslight Co. v. St. Paul, 181 U. S. 142, 21 S. Ct. 575, 45 L. Ed. 788; Dawson v. Columbia Tr. Co., 197 U. S. 178, 25 S. Ct. 420, 49 L. Ed. 713; Manila Investment Co. v. Trammell, 239 U. S. 31, 36 S. Ct. 12, 60 L. Ed. 129; McCormick v. Oklahoma City, 236 U. S. 657, 35 S. Ct. 455, 59 L. Ed. 771; Shawnee Sewerage Co. v. Stearns, 220 U. S. 462, 471, 31 S. Ct. 452, 55 L. Ed. 544.

[4] The trial court should have remanded the case to the district court of Dawes county, Neb., where appellants are afforded a jury trial for the determination of damages. Section 4937, Rev. Stat. Neb. 1913.

The judgment of the District Court is reversed, with directions to remand the case to the district court of Dawes county, Neb.