## POLICE JURY OF THE PARISH OF TAN-GIPAHOA et al. v. COURIER PUB. CO., Inc. *
### No. 8030.

Circuit Court of Appeals, Fifth Circuit.
Feb. 26, 1936.

Rehearing Denied April 3, 1936.

George M. Wallace, of Baton Rouge, La., and Joseph M. Blache, Jr., of Hammond, La., for appellants.

Eberhard P. Deutsch, of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Courier Publishing Company, Inc., a Louisiana corporation, filed a bill in the District Court against the police jury of the parish of Tangipahoa, a public corporation of Louisiana and the governing body of the parish, and against Frank M. Edwards, as sheriff and tax collector of the

parish, asserting that it had a contract with the police jury for a term to end December 1, 1935, by virtue of which the sheriff was bound to publish in complainant's newspaper certain public advertising for which it would receive more than $3,000; but that on September 24, 1935, two days preceding the filing of the bill, the police jury had passed an exhibited resolution, legislative in character, which impaired the obligation of the contract by requiring complainant to obtain the approval of the state printing board in order to proceed; and that the sheriff in consequence was about to advertise in another paper, to complainant's irreparable injury. The prayers are for a declaration that the resolution is unconstitutional and void, and for both prohibitory and mandatory injunctions in enforcement of the contract. A motion to dismiss for want of federal jurisdiction was overruled and relief was granted as prayed. The police jury and sheriff appeal, preserving the status by appropriate order and bond.

We are of opinion that a want of federal jurisdiction appears upon the face of the bill. The parties are all public functionaries of the state of Louisiana, and their rights and duties depend upon the state statutes. The only ground put forward for interference by a federal court is the claim that the obligation of a contract has been impaired by a law of the state; to wit, a resolution of the police jury made under authority of the state. Assuming, without deciding, that under the state statutes on the subject there is a contract rather than an office involved, and that complainant is the party to it, and that it entitles complainant to do the advertising in controversy, we think the case presents only a proposed breach of the contract to be remedied by mandamus or other proceeding in the state courts. No law has been passed which purports to impair the obligation of the contract. True it is that a subordinate body such as the police jury, if it acts by authority of the state, may make enactments within the Constitutional provision (Const. art. 1, § 10) prohibiting a state from making any law impairing the obligation of a contract. St. Paul Gaslight Co. v. St. Paul, 181 U.S. 142, 21 S.Ct. 575, 45 L.Ed. 788. But the exhibited resolution is not such. The state Legislature has never authorized the police jury to legislate touching the public printing, but only to select the printer and contract as to the rate. If the jury goes beyond its author-

ity in the matter, its action is for that reason void, but not because it was a law of the state within the meaning of the Constitution. Hamilton Gaslight & Coke Co. v. Hamilton City, 146 U.S. 258, 13 S.Ct. 90, 36 L.Ed. 963. If this resolution be supposed to be authorized, it does not purport to annul or change the contract of complainant. By an elaborate preamble reciting former precedents, it sets up a reasonable ground for the contention of the admittedly chosen public printer that its term should extend to December 1, 1935, and that the police jury desires to be just and fair in its dealings: "Therefore, be it resolved, that the Police Jury of Tangipahoa Parish recommends to the State Board of Printing that the Hammond Courier (meaning complainant) be allowed to carry on until after the printing of the 1934 delinquent tax notices, which will be about Dec. 1st, 1935." It may be inferred that there was a difference of opinion between the jury and complainant as to whether in strictness complainant's term extended to December 1, or not, and that the jury believed that the state board of printing had some authority in the matter, although it is now conceded that the board in fact had no authority over contracts made before July, 1935. It may be conceded that the jury and the sheriff intended to claim that the contract had expired if the board did not allow it extended to December 1st. Nevertheless, the resolution itself was wholly friendly to the complainant, and a mere recommendation to the board to act favorably. It cannot be tortured into a law of the state impairing the obligation of a contract. On the face of the bill there is no law of Louisiana which impairs the contract claimed. A mere breach by a municipality of its contract raises no question under the Federal Constitution. Shawnee Sewerage & Drainage Co. v. Stearns, 220 U.S. 462, 31 S.Ct. 452, 55 L.Ed. 544; McCormick v. Oklahoma City, 236 U.S. 657, 35 S.Ct. 455, 59 L.Ed. 771. When it appears that there is no legislative act from whose enforcement impairment will result, but only a question of the validity or the interpretation or the breach of the contract, there is no substantial federal question presented, although such is expressly claimed, and federal jurisdiction should be declined. St. Paul Gaslight Co. v. St. Paul, 181 U.S. 142, 21 S.Ct. 575, 45 L.Ed. 788; New Orleans Waterworks Co. v. Louisiana, 185 U.S. 336, 344, 22 S.Ct. 691, 46 L.Ed. 936; Shawnee Sewerage &

3

Drainage Co. v. Stearns, 220 U.S. 462, 471, 31 S.Ct. 452, 55 L.Ed. 544. The judgment is reversed and the cause remanded, with direction to dismiss the bill.