**COASTAL PETROLEUM COMPANY,**
Appellant,

v.

**Leroy COLLINS, Governor of the State of Florida, et al., as constituting the Trustees of the Internal Improvement Fund of the State of Florida, Appellees.**

No. 15889.

United States Court of Appeals
Fifth Circuit.

June 15, 1956.

---

Dean F. Cochran, Washington, D. C., Frank Bezoni, Midland, Tex., Reasoner & Davis, Washington, D. C., of counsel, for appellant.

T. Paine Kelly, Asst. Atty. Gen., Richard W. Ervin, Atty. Gen., Fred M. Burns, Asst. Atty. Gen., John D. Moriarty, Asst. Atty. Gen., for appellees.

Before RIVES, CAMERON and BROWN, Circuit Judges.

RIVES, Circuit Judge.

Coastal Petroleum Company, a Florida corporation, filed against the Trustees of the Internal Improvement Fund of the State of Florida [1] its action for a declaratory judgment to determine what is included within the term "minerals" in certain leases entered into between the parties. By resolution adopted March 23, 1954, the Trustees took the position that said leases did not include rutile, ilmenite, zircon and other metallic bearing minerals not produced from well borings. The complaint alleges:

> "The action of the Trustees of the Internal Improvement Fund thus taken has the effect of depriving petitioner of property and property rights owned and held by petitioner under the terms and conditions of Exhibits 'A', 'B' and 'C' without due process of law and in violations of the Fourteenth Amendment of the Constitution of the United States and in violation of all applicable laws pertaining to the construction of the terms and provisions of Exhibits 'A', 'B' and 'C'. Further, the action so taken on March 23, 1954, by the Trustees of the Internal Improvement Fund of the State of Florida was beyond the scope of the authority vested in the Trustees as Agent for the State of Florida, and was confiscatory in effect and such action being taken without authority in law, it was ultra vires and void."

The Trustees moved the court to dismiss the complaint because:

> "1. The said Petition fails to state a claim against these defendants upon which relief can be granted.
>
> "2. The said Petition is in effect a suit against the State of Florida, within the purview of Section 22,

1. Constituted under Title 17, § 253.02, of the Statutes of the State of Florida.

Article III, of the State Constitution.

"3. This Court is without jurisdiction to determine the questions and issues raised, or intended to be raised, in the said Petition."

The district court [135 F.Supp. 204], sustained the motion to dismiss, stating in a memorandum opinion that the action was "a suit against the State and for this reason must be dismissed", and that, if mistaken in that view, then on grounds of comity, the Federal court should abstain from exercising jurisdiction.

It seems to us best to set aside any holding that the Trustees are immune from suit,[2] so that any future litigation in the Florida State Courts will not be embarrassed by a claim of res judicata, and simply to hold that the matter in controversy does not arise under the Constitution of the United States. See 28 U.S.C.A. § 1331. What was said in Manila Investment Co. v. Trammell, 239 U.S. 31, 32, 36 S.Ct. 12, 60 L.Ed. 129, might well have been written in the present case.

"An examination of the bill shows that the ground of recovery rests upon the allegation that the trustees contracted to convey the lands in question to the complainants, and afterwards, by formal resolution, the board repudiated its former action, and refused to recognize the alleged trust, and declared the complainants' title null and void. Complainants contend that this action by the trustees, as an agency of the state, in repudiation of its former action, and the conveyance of part of the land to others, in violation of the trust, constituted a taking of its property without due process of law, in violation of the provisions of the 14th Amendment. This is the only ground of Federal jurisdiction insisted upon.

"The case presented no real and substantial controversy involving the construction or effect of the Federal Constitution. The allegations relied upon to give jurisdiction show a breach of contract merely, and bring the case within the principles decided by this court * * *."

See also other cases collected in the annotation in 13 A.L.R.2d 451, et seq.

The judgment of the district court is accordingly

Modified and affirmed.

---

**2.** Compare State ex rel. Board of Sup'rs of South Florida Conservancy Dist. v. Warren, Fla., 57 So.2d 337, with Cone v. Wakulla County, 143 Fla. 880, 197 So. 536.