**Warren A. HEATH and Robert L. Fleck,
Individually and as Representatives of
and for a class known as Past & Present
Employees of the City of Fairfax, Virgin-
ia, Appellants,**

v.

**CITY OF FAIRFAX et al., Appellees.**

**No. 75–1938.**

United States Court of Appeals,
Fourth Circuit.

Argued April 7, 1976.

Decided Oct. 20, 1976.

overtime, that is determined to be due and owing for services performed by the Plaintiffs * * * for punitive damages * * [and] for equitable relief requiring the payment of moneys owed to the Plaintiffs * * *." The defendants moved to dismiss for want of jurisdiction. The District Court denied the motion and the cause proceeded to trial. The Court entered an order dismissing the action both on the jurisdictional ground that there was an absence of the jurisdictional amount and on the merits. The plaintiffs have appealed. We affirm on jurisdictional grounds and do not reach the merits.

█ The first issue, which must be resolved before we may consider the merits of the controversy, is jurisdiction. The plaintiffs, in their complaint, declare by way of a jurisdictional base that their action is one to recover on account of violations of due process of law and of equal protection as guaranteed under the Fifth and Fourteenth Amendments.[1] The violation of due process, asserted as a basis of jurisdiction, consisted, according to the plaintiffs' allegations, simply in the denial "for stated reasons insufficient in both law and fact to warrant denial" of their contractual claims, under the City's pay schedule, after a hearing before the City Council. Because "the Defendant Kutner, Chief of Police of the City of Fairfax, and undoubtedly other employees of the City of Fairfax, have remained in the proper pay classification and have received the proper pay for longevity of employment, therefore the Plaintiffs * * * were denied equal protection of the law * * *." The District Court sustained jurisdiction under *Board of Regents v. Roth* (1972) 408 U.S. 564, 569–72, 92 S.Ct. 2701, 33 L.Ed.2d 548 apparently on the ground that the defendants "fail[ed] to afford plaintiffs a proper hearing" and "improperly assign[ed] plaintiffs a classification." In so doing, we. think the District Court erred.

The plaintiffs' cause of action was a simple one for breach of contract. In fact, the

Gilbert K. Davis, Vienna, Va. (Duvall, Tate, Bywater & Davis, Vienna, Va., on brief), for appellants.

John H. Rust, Jr., Fairfax, Va. (Joseph V. Buonassissi, II, Rust, Rust & Pratt, Fairfax, Va., on brief), for appellees.

Before BOREMAN, Senior Circuit Judge and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM.

. The plaintiffs, who are police officers of the City of Fairfax, Virginia, filed this action against the City, the members of its Council, its City Manager, its Comptroller and its Chief of Police. They assert that under a salary scale ordinance, adopted by the City Council, they were entitled to certain increases in pay based on "longevity of employment" which the City has refused to pay them. They seek judgment "in the amount of back pay, plus interest, plus

1. *See,* § 1331 and § 1343(3), 28 U.S.C. and § 1983, 42 U.S.C.

plaintiffs themselves concede this, for they characterized their action in their complaint as "contractual in nature." They contended by their complaint that the pay schedule adopted by the City Council created a contract between the City and them with reference to their salary and that they have not been paid the salary as fixed in such contract. It is to recover that unpaid salary that plaintiffs have begun this action. Federal jurisdiction of such action must rest, as the District Court accurately concluded, on § 1331 (federal question jurisdiction), since it is admitted there is no diversity. The plaintiffs would satisfy the jurisdictional requirement of § 1331 by declaring that their action presents federal constitutional issues. But there manifestly are no federal constitutional issues posed by a simple dispute over the construction of a pay schedule contract and that is all there is to this case. This is a suit "wholly under [a municipal ordinance]," *McCorkle v. First Pennsylvania Banking and Trust Co.* (4th Cir. 1972) 459 F.2d 243, 250, involving "merely the interpretation and application of the [municipal pay schedule ordinance]," *Doby v. Brown* (4th Cir. 1956) 232 F.2d 504, 505, *cert. denied* 352 U.S. 837, 77 S.Ct. 57, 1 L.Ed.2d 55 (1956). The plaintiffs' theory that the City has violated their due process rights by failing to pay them the salary they claim under their contract, and that it has violated equal protection by giving "automatic" annual salary increases to the Chief of Police and not to them, thereby giving rise to jurisdiction under § 1331, if sustained, would mean that whenever a City or political subdivision fails to pay a disputed claim, and pays other claims, a suit on such claim rises above the level of a mere breach of contract and becomes an assertion of constitutional rights, justiciable under § 1331. Such a specious theory of federal jurisdiction has been uniformly repudiated. *Shawnee Sewerage & Dr. Co. v. Stearns* (1911) 220 U.S. 462, 471, 31 S.Ct. 452, 55 L.Ed. 544;

*McCormick v. Oklahoma City* (1915) 236 U.S. 657, 660, 35 S.Ct. 455, 456, 59 L.Ed. 771; *Manila Investment Co. v. Trammell* (1915) 239 U.S. 31, 32–3, 36 S.Ct. 12, 60 L.Ed. 129; *Doby v. Brown, supra,* 232 F.2d at 505; *South Carolina State P. A. v. Seaboard Air Line R. Co.* (E.D.S.C.1954) 124 F.Supp. 533, 539; *Farmer v. Philadelphia Electric Co.* (E.D.Pa.1963) 215 F.Supp. 729, 730–1, aff'd 3 Cir., 329 F.2d 3. Thus, in *McCormick v. Oklahoma City, supra,* the Court, addressing a jurisdictional issue similar to that here said:

" * * * the mere fact that a city is a municipal corporation does not give to its refusal to perform a contract the character of a law impairing its obligation or depriving of property without due process of law."

■ The plaintiffs seemingly recognized the untenability of their jurisdictional claim, for they press the argument that, whether federal jurisdiction exists or not, the District Court should have retained jurisdiction "under the doctrine of pendent jurisdiction." But when it is patent on the face of the complaint itself, as it is here, that there is no substantial federal question, it is inappropriate to retain jurisdiction under any claim of "pendent jurisdiction." *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218; *Rivera v. Chapel* (1st Cir. 1974) 493 F.2d 1302, 1303.[2]

Apparently, the District Court upheld jurisdiction at the outset, on the basis of *Board of Regents v. Roth*.[3] The fact on which *Roth* found a violation of constitutional right consisted of a denial of an administrative hearing to which the aggrieved party was found to be entitled of right under due process before the termination of his employment. This is not such a case. We do not understand that the plaintiffs were entitled of right to such a hearing on their claims as asserted here, but, if

2. In *Rivera,* the Court said:
" * * * In order to support this approach, a preliminary determination must necessarily have been made that here was a substantial federal claim at issue which warranted the exercise of federal jurisdiction to consider the pendent claims."

3. 408 U.S. at 569–72, 92 S.Ct. 2701.

they were, they allege affirmatively in their own complaint that they were given such a hearing. Equally without point is *Cobb v. City of Malden* (1st Cir. 1953) 202 F.2d 701, on which the plaintiffs rely in this Court for jurisdiction. In that case, the plaintiffs claimed a contractual right to a salary increase under a contract executed in 1947. In 1951, however, the State enacted a statute which allegedly allowed the school district to nullify the contractual right given the plaintiffs under their 1947 contract. Federal jurisdiction was properly rested, the Court found, on a claim of an unconstitutional legislative impairment of a valid and subsisting contract right. There is no such claim here and *Cobb* offers no support for plaintiffs' position.

The conclusion reached on jurisdiction, as evident on the face of the complaint itself, disposes of this case. However, after a trial, the District Court found that the jurisdictional amount as required under § 1331 was also not present. In their appeal, the plaintiffs do not seem to take issue with the finding of want of jurisdictional amount. *See, McGaw v. Farrow* (4th Cir. 1973) 472 F.2d 952, 954–5. This absence of the jurisdictional amount, as determined at trial, contributes an additional ground for dismissal on jurisdictional grounds.

The judgment of the District Court dismissing the action will accordingly be affirmed, on both the jurisdictional ground assigned in its final order by the District Court, and on the ground stated hereinbefore.

*AFFIRMED.*