Ruth TALIAFERRO and B. Patricia
Dyson, Appellees,

v.

Henry I. WILLETT, Jr., President, Long-
wood College; William E. Daniel, Jr.,
Longwood College, Appellants,

American Association of University
Professors, Amicus Curiae.

No. 77-2213.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 13, 1978.

Decided Dec. 6, 1978.

William H. Hefty, Asst. Atty. Gen., Rich-
mond, Va. (Marshall Coleman, Atty. Gen. of
Va., and Walter H. Ryland, Deputy Atty.
Gen., Richmond, Va., on brief), for appel-
lants.

John D. Grad, Alexandria, Va. (Victor M.
Glasberg and Janis L. McDonald, Hirschkop
& Grad, P. C., Alexandria, Va., on brief),
for appellee.

Sandra B. Durant, New York City, Coun-
sel for American Ass'n of University Pro-
fessors, on brief, for amicus curiae.

Before BUTZNER, Circuit Judge,
FIELD, Senior Circuit Judge, and WIDEN-
ER, Circuit Judge.

PER CURIAM:

The president and the rector of Long-
wood College appeal a judgment awarding
Ruth S. Taliaferro substantial compensato-
ry damages under 42 U.S.C. § 1983 because
the college wrongfully required her to
retire prematurely from her tenured posi-
tion. The district court concluded that the
officials had denied Taliaferro procedural
due process. Relying on our decisions in
*Thomas v. Ward,* 529 F.2d 916 (4th Cir.
1975), and *Burt v. Board of Trustees,* 521
F.2d 1201 (4th Cir. 1975), the court found
Taliaferro entitled to recover five years'
back pay.

In *Carey v. Piphus,* 435 U.S. 247, 259-60
and n. 15, 98 S.Ct. 1042, 55 L.Ed.2d 252
(1978), decided after the district court's
judgment in this case, the Supreme Court
disapproved *Thomas* and *Burt. Carey* held
that, absent proof of other compensable tort
injury, a plaintiff deprived of procedural
due process can recover only nominal dam-
ages.

As the district court noted in its memo-
randum opinion, the procedures to which a
tenured professor is entitled prior to termi-
nation are not the main issue in this case.
Taliaferro's claim is essentially an action
for contract damages arising from the al-

leged violation of a tenured professor's right to teach until reaching the age of seventy. Neither here nor in the district court has she suggested that procedural deprivations caused her independent injury. In light of *Carey,* therefore, the controversy over the alleged breach of contract presents no substantial federal question. *See Berry v. City of Portsmouth,* 562 F.2d 307 (4th Cir. 1977); *Heath v. City of Fairfax,* 542 F.2d 1236, 1238 (4th Cir. 1976).

Consequently, the judgment of the district court is vacated, and the case is remanded with directions to dismiss for lack of a substantial federal question. We, of course, express no opinion on Taliaferro's claim for compensatory damages. Each party shall bear its own costs.

Vacated and Remanded.