INNER CITY LEASING AND TRUCKING COMPANY, INC., Plaintiff,

v.

CITY OF GARY, INDIANA, et al., Defendants.

Civ. No. H89–167.

United States District Court, N.D. Indiana, Hammond Division.

July 11, 1990.

462

Douglas M. Grimes, Gary, Ind., for plaintiff.

Rosalind G. Parr, Asst. City Atty., Gary, Ind., for defendants.

### ORDER

LOZANO, District Judge.

This matter is before the court on a Motion to Dismiss Inner City Leasing and Trucking Company, Inc.'s ("ICT") Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Defendants City of Gary, Indiana, Thomas V. Barnes, City of Gary Board of Public Works & Safety, Richard Comer, Barbara Upchurch, Gilbert King, Jr., Charles Ruckman, Roland Elvambuena, City of Gary Taskforce on Landfill Operations and J–Pit, and John Doe (collectively, "City"), filed this motion on June 6, 1989. For the reasons set forth below, the City's Motion to Dismiss is GRANTED.[1]

---

1. On July 3, 1990, ICT filed an Amended Complaint without requesting leave from this court. Fed.R.Civ.P. 15(a), in pertinent part, provides:

 A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party....

 The City's Motion to Dismiss has been pending since June 6, 1989. ICT filed its Amended Complaint essentially one month before trial. This court, in its discretion hereby denies ICT leave to file its Amended Complaint. The City's Motion to Strike Additional Parties, filed June 6, 1990 in response to ICT's Amended Complaint, is therefore MOOT.

## BACKGROUND

On August 7, 1985, ICT, an independent contractor, entered into a written agreement with the City to provide the City with equipment, operators, and other materials. On December 31, 1987, the City extended ICT's contract. The contract provided that the City had a right to cancel and terminate the agreement by written notice if ICT failed to fulfill its obligations under the agreement or if ICT violated any of its terms. The City requested additional services outside of, but in connection with, the initial contract. ICT performed these additional services.

ICT's Complaint contains four (4) counts. Count I alleges that the City breached the renewed August 7, 1985 contract by wrongfully terminating the contract and by refusing to pay ICT for services rendered. Count II charges that the City breached its subsequent contract with ICT, wherein ICT agreed to provide additional services, by refusing to pay ICT for services provided under that agreement. Count III contains allegations that the City deprived ICT of its due process, equal protection and association rights pursuant to the first and fourteenth amendments of the United States Constitution. Specifically, ICT contends that the City, pursuant to a policy formulated under color of law, breached its contract with ICT for partisan political reasons and with the intent to deprive ICT of its constitutional rights. Based on these alleged constitutional violations, ICT pursues relief under 42 U.S.C. § 1983. Lastly, Count IV asserts that the City conspired to tortiously interfere with ICT's contractual relations with its subcontractors.

## DISCUSSION

In ruling on a Rule 12(b)(6) motion to dismiss, this court must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). This court must accept "all allegations in the complaint as true", and must "view all allegations in the light most favorable to the plaintiff." *Collins v. County of Kendall, Ill.*, 807 F.2d 95, 99 (7th Cir.1986) (citations omitted). *See also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59, 65 (1984); *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). In order to prevail, the City "must demonstrate that [ICT's] claim, as set forth by the [C]omplaint, is without legal consequence." *Gomez*, 811 F.2d at 1039.

To attain federal, nondiversity jurisdiction, ICT must state a cause of action that sufficiently alleges that the City deprived ICT of rights provided by federal law. Count III of ICT's Complaint contains allegations brought under 42 U.S.C. § 1983. Section 1983, in pertinent part, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

The terminology of § 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791 (1985). Consequently, ICT must allege facts sufficient to show that the City, under color of law, deprived ICT of rights secured by the Constitution or other laws of the United States. *See generally, Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194 (7th Cir.1985).

### First Amendment

ICT does not allege facts sufficient to state a claim for § 1983 relief based on an alleged violation of ICT's first amendment right of association. The United States Court of Appeals for the Seventh Circuit recently held that the first amendment does not protect an independent contractor from termination of a public con-

tract for partisan political reasons. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586–88 and n. 5 (7th Cir.1989); *see also, LaFalce v. Houston*, 712 F.2d 292 (7th Cir.1983) (Seventh Circuit held that first amendment does not protect contractor whose bid for public contract is rejected because contractors were not political supporters of the mayor). ICT functioned unquestionably as an independent contractor in its contract with the City. First, ICT's reference in its Complaint to its use of subcontractors indicates that ICT was in fact an independent contractor. Second, the initial contract between ICT and the City expressly defines the relationship between the parties as an employer-independent contractor relationship. The contract further states that "[n]o agent, employee, servant or subcontractor of [ICT] shall be deemed to be the employee, agent or servant of the City." (Contract, p. 2) Thus, as an independent contractor, ICT cannot claim § 1983 relief on first amendment grounds, even if the City terminated ICT for political reasons.

### Equal Protection

 Likewise, ICT's equal protection claim pursuant to § 1983 fails to state a viable claim for relief. Equal protection analysis requires that ICT show "that one class has been burdened while another has been benefited by the acts of [the City]." *Confederation of Police v. City of Chicago*, 529 F.2d 89, 93 (7th Cir.1976), *vacated on other grounds*, 427 U.S. 902, 96 S.Ct. 3186, 49 L.Ed.2d 1196, *on remand*, 547 F.2d 375 (7th Cir.1977). ICT must allege actual discrimination between classifications; an allegation of a defendant's intent, policy or motivation to discriminate is not sufficient to state a claim under the equal protection clause of the fourteenth amendment. *Palmer v. Thompson*, 403 U.S. 217, 224–26, 91 S.Ct. 1940, 1944–45, 29 L.Ed.2d 438 (1971).

ICT's Complaint is replete with charges that the City acted with the intent to deprive ICT of its constitutional rights. Specifically, ICT alleges that the City wrongfully terminated its contract with ICT based on political motives and policy.

Moreover, ICT charges that it was the City's *policy* to award contracts to companies and individuals based on political criteria. Presumably, ICT's allegations are meant to establish classifications of two separate groups: those who supported the "proper" political cause and those who did not. However, assuming, *arguendo*, that these classifications are protected by the equal protection clause, ICT's Complaint lacks an essential element under equal protection analysis. That is, ICT's Complaint contains no allegations that any companies or individuals actually benefited by the acts of the City. Indeed, ICT alleges only that it was burdened by the City's acts. Under *Palmer*, the City's intent or policy to violate ICT's equal protection rights are not sufficient; ICT must allege actual discrimination by the City. *Confederation of Police*, 529 F.2d at 93. Thus, ICT's failure to allege benefit to any company or individual is fatal to ICT's equal protection claim.

### Due Process

 Finally, ICT's Complaint fails to state a viable § 1983 claim for violation of the due process clause of the fourteenth amendment. To state a due process claim, ICT "must show that it had a protectable property or liberty interest that was taken away by [the City] without a hearing." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). The alleged property interest must be a legitimate claim of entitlement. *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. Moreover, property interests are created and defined according to state law. *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709.

ICT's right to the proceeds of its contracts with City are not constitutionally protected property rights. It is a well-established principle "that a mere breach of contract by the government does not give rise to a constitutional claim." *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766, 770 (7th Cir.1985) (citing *Manila Investment Co. v. Trammell*, 239 U.S. 31, 36 S.Ct. 12, 60 L.Ed. 129 (1915)). Here, ICT alleges nothing more than a breach of contract. For instance, ICT's allegations with

regard to its § 1983 claims are based on the facts and allegations stated in its breach of contract counts. Furthermore, ICT prays for compensatory and punitive damages, typical awards in breach of contract actions. Clearly, this is not a case where a plaintiff invokes the due process clause in an attempt to protect something other than an ordinary contractual right. *Cf. Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (protectable property right involved entitlement to welfare benefits conferred by statute); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (protectable property interest concerning claim to tenured status in public employment); *accord Roth, supra.* Rather, ICT's due process claims pertain only to pecuniary contractual interests. As such, ICT's contractual interests are not protected by the fourteenth amendment, and ICT's due process claim necessarily fails. *See S & D Maintenance Co., Inc. v. Goldin*, 844 F.2d 962, 967 (2d Cir.1988) (court declined to constitutionalize contractual interests associated with status of claimant as a temporary government contractor).

Moreover, ICT does not satisfactorily allege that it was deprived of due process of law. The United States Supreme Court has "recognized that post-deprivation remedies made available by the State can satisfy the Due Process Clause." *Parratt v. Taylor*, 451 U.S. 527, 538, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981). Indeed, where state remedies are adequate to correct injuries allegedly sustained by a plaintiff due to a public official's unlawful conduct, a plaintiff's § 1983 claim for a violation of the due process clause of the fourteenth amendment is not viable. *Easter House v. Felder*, 879 F.2d 1458, 1474–76 (7th Cir. 1989); *see also Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 590 (7th Cir.1989) (without deciding the issue, Seventh Circuit indicated that state contract law remedies may preclude finding of fourteenth amendment violation where plaintiff alleged an improper deprivation under contract with government due to political reasons). Accordingly, ICT has not been deprived of due process rights and ICT has no basis for a § 1983 action in this regard.

Finally, ICT's breach of contract and conspiracy to interfere with contractual relations claims are dismissed for lack of subject matter jurisdiction. These are causes of action based upon state law which do not confer upon this court federal question jurisdiction. Because there is no diversity of citizenship between the parties, and no federal question counts remain, this court cannot assert pendent jurisdiction over the remaining state claims. Where "federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Accordingly, ICT's allegations of breach of contract and conspiracy to interfere with contractual relations are dismissed.

CONCLUSION

For the reasons set forth in this opinion, the City's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is GRANTED. Count III of ICT's Complaint is DISMISSED with prejudice, and Counts I, II and IV are DISMISSED without prejudice. ICT is DENIED leave to file its Amended Complaint. The City's Motion to Strike Additional Parties is DENIED as MOOT.