Johnnie **WILLIAMS**

v.

**NEW YORK CENTRAL RAILROAD COMPANY.**

**Civ. No. 1414.**

United States District Court, N. D. Indiana, Hammond Division.

Nov. 17, 1954.

W. Henry Walker, East Chicago, Ind., for plaintiff.

Owen Crumpacker, Edmund Schroer, Hammond, Ind., Lowell E. Enslen, Hobart, Ind., for defendant.

SWYGERT, Chief Judge.

The complaint alleged that the plaintiff is a "resident" of the State of Indiana and that the defendant is not a "resident" of Indiana. In its answer the defendant denied there is diversity of citizenship, claiming that it "is a citizen of the State of Indiana by virtue of the Railroad Corporation Act." At pre-trial the question of the jurisdiction of the court over the subject-matter of the claim because of the alleged lack of diversity was presented.

In support of its position the defendant claims that it is incorporated in Indiana; that such incorporation is evidenced by the Articles of Consolidation of the New York Central; that these Articles of Consolidation were filed with the Secretary of the State of Indiana on the 22nd day of December, 1914; and that the Secretary of the State of Indiana recognized the existence of the New York Central as a corporation of the State of Indiana as a result of the filing of the Articles of Incorporation. The defendant submitted these Articles of Incorporation as evidence of these contentions and also introduced as evidence a stipulation which established the following facts: 1. That the defendant, New York Central Railroad Company, is a consolidated railroad corporation composed of certain named, original railroads. 2. That such consolidation was effected under and in accordance with an Indiana Statute in force February 23, 1853, entitled "An act to authorize railroad companies to consolidate", and various acts amendatory thereto. Burns' Statutes 55–2401 through and including 55–2411. 3. That the Secretary of the State of Indiana issued a certificate, upon the filing of the Articles of Consolidation of the New York Central which certificate recognized that the Articles of Incorporation were filed under the above mentioned Indiana Statute, and which recited that the consolidated company was "a body politic and corporate, in perpetuity, authorized and empowered by the laws of the State of Indiana to transact business as such." During the pre-trial counsel for the defendant stated, and it was not controverted by plaintiff's counsel, that one of the constituent companies of the consolidated corporation was a corporation organized under the laws of Indiana.

The law has been settled that a plaintiff suing a corporation which is incorporated in more than one state may not invoke the jurisdiction of the Federal courts in the state of his citizenship where one of the states of the defendant's incorporation is that same state, and the

only basis of federal jurisdiction is diversity of citizenship. Jacobson v. New York, N. H. & H. R. Co., 1 Cir., 1953, 206 F.2d 153, affirmed, 1954, 347 U.S. 909, 74 S.Ct. 474.

The point of contention in the instant case is whether the New York Central is incorporated in the State of Indiana. This question, in turn, rests on the effect of the filing of the Articles of Consolidation of the New York Central with the Secretary of the State of Indiana.

In Smith v. Cleveland, C., C. & St. L. Ry. Co., 1907, 170 Ind. 382, 81 N.E. 501, 506, the railroad company brought an action to determine its rights of eminent domain. An objection to the exercise of this power was that the railroad corporation was not duly organized under the laws of Indiana. Consolidation of the railroad company had been effected by filing Articles of Consolidation with the Secretary of the State of Indiana pursuant to the Indiana Statutes, the same statutes under which the agreement to consolidate into the New York Central were filed. One of the corporations to the agreement was an Indiana corporation. In determining whether the consolidated company was incorporated in Indiana the Court said, "The consolidation of two or more corporations pursuant to the laws of different states results in the formation of one corporation, which is regarded as a domestic corporation in each of the states whose laws are followed in effecting such consolidation. * * * In the absence of restrictions, authority to consolidate confers upon the resultant corporation all the powers, franchises, rights, obligations, and duties of the constituent companies."

In Starke v. New York, Chicago & St. Louis R. Co., 7 Cir., 1950, 180 F.2d 569, 571, a case involving a similar question of federal jurisdiction and multi-state incorporation, the court said, "'* * * Where one corporation is formed by the consolidation of two or more corporations, the consolidated corporation is a citizen of each state in which any one of the constituent companies was a citizen.'" See Case v. Atlanta & C. A. L. R. Co., D.C., 225 F. 862, 866.

It follows from these authorities and the fact that there was an Indiana corporation included in the consolidation of the New York Central, that a consequence of the consolidation and the filing and approval of the Articles of Consolidation in Indiana was the incorporation of the New York Central Railroad Company in Indiana.

Accordingly it must be held that there is no diversity of citizenship between the parties to this action and that therefore the court is without jurisdiction over the subject-matter of the claim sued upon. The Clerk is directed to enter an order dismissing the complaint