**DELAWARE RIVER JOINT TOLL BRIDGE COMMISSION,**
Plaintiff,

v.

C. Stanley STULTS, John Elder, Leslie Brown and Lindsay de Valliere, individually and as Executor of the Last Will and Testament of Louis de Valliere, deceased, Defendants.

Civ. No. 450–56.

United States District Court
D. New Jersey.

Dec. 7, 1956.

J. Seymour Montgomery, Princeton, N. J., for plaintiff.

Katzenbach, Gildea & Rudner, Trenton, N. J., for defendants.

WILLIAM F. SMITH, District Judge.

This is a civil action in which the plaintiff asserts against each of the defendants a separate claim for money had and received, and which it is alleged was received "by way of illegal and unauthorized salary." The amount of each claim exceeds $3,000, exclusive of interest and costs. The action is before the Court at this time on the motion of the defendants to dismiss it for lack of jurisdiction.

The plaintiff is a multi-state corporation created by the action of the legislatures of New Jersey and Pennsylvania, and incorporated under the laws of each state. N.J.S.A. 32:8–1 et seq., as amended; 36 P.S. § 3401 et seq., as amended (Purdon). The compact between the States was duly approved by an act of Congress. Act Aug. 30, 1935, c. 833, 49 Stat. 1058. The said acts of the legislatures were amended from time to time and these amendments were approved by appropriate acts of Congress. Act Aug. 4, 1947, c. 480, 61 Stat. 752, and Act March 31, 1952, c. 124, 66 Stat. 28. The defendants are citizens of New Jersey.

### Diversity of Citizenship

The jurisdiction of the Court is invoked on the ground that there is diversity of citizenship between the plaintiff and each of the defendants. The respective counts of the complaint allege that the plaintiff is a "citizen of the State of Pennsylvania," and that the defendant therein named is a "citizen of the State of New Jersey." The plaintiff has apparently ignored its status as a corporation of New Jersey and has elected to sue as a corporation of only the State of Pennsylvania. The plaintiff insists that it has a right to make such an election and to invoke the jurisdiction of the Court on the ground of diversity of citizenship. The defendants contend otherwise.

■ We are inclined to agree with the contention of the defendants. There is a conflict of decision, but we are of the opinion that this conflict has been resolved by the Supreme Court. We are of the opinion that a multi-state corporation, organized under the laws of the state of the forum and another state, may not invoke the jurisdiction of the federal court on the ground of diversity of citizenship, where, as here, the action is one against citizens of the state of the forum. Such a corporation may not ignore its status as a corporation of the state of the forum and elect to maintain the action as a foreign corporation; for the purposes of jurisdiction it must be regarded as a domestic corporation. It is clear that under these circumstances the diversity of citizenship essential to the court's jurisdiction is absent.

■ We find support for the view herein expressed in Jacobson v. New York, N. H. & H. R. Co., 1 Cir., 206 F.2d 153, affirmed per curiam 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067, an opinion in which Seavey v. Boston & Maine R. R., 1 Cir., 197 F.2d 485, was cited with approval; see also Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 81 F.2d 60. Contra, Gavin v. Hudson & Manhattan R. Co., 3 Cir., 185 F.2d 104, 27 A.L.R.2d 739; Bartron v. Delaware River Joint Toll Bridge Commission, 3 Cir., 216 F.2d 717, certiorari denied 348 U.S. 943, 75 S.Ct. 364, 99 L.Ed. 738. The conflict of decision appears to be resolved by the affirmance of Jacobson v. New York, N. H. & H. R. Co., supra. The per curiam represents the opinion of the Supreme Court, and, despite the nomenclature by which it is designated, must be construed as an implied approval of the law of the cited case. The denial of certiorari in the case of Bartron v. Delaware River Joint Toll Bridge Commission, supra, means only that the Supreme Court, in the exercise of its discretion, has denied review. The denial of certiorari in no way implies that the court approves the decision of the lower court. Sheppard v. State of Ohio, 77 S.Ct. 118.

### Federal Question

■ The plaintiff invokes the jurisdiction of the Court on the further ground that the matter in controversy arises under the acts of Congress to which reference is hereinabove made. The contention of the plaintiff in support of this ground of jurisdiction is without merit. It clearly appears from the specific allegations of the complaint that this is the ordinary action in assumpsit for money had and received in which the local law is determinative of both the rights of the plaintiff and the liability of the defendants. There is obviously no federal question.

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. [Citations omitted.] The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. [Citation omitted.] A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto [Citations omitted], and the controversy must be disclosed upon the face of the complaint, * * *." Gully v. First Nat. Bank, 299 U.S. 109, 112, 113, 57 S.Ct. 96, 97, 81 L.Ed. 70. The present action fails to meet this well-established test of jurisdiction.

The motion to dismiss the action will be granted for the reasons herein stated.