**Troy BRAILEY, Plaintiff,**

v.

**BALTIMORE AND OHIO RAILROAD, and New York Central Railroad System, Defendants.**

United States District Court
S. D. New York.

May 3, 1957.

Saul Sperling, New York City, for plaintiff, John A. Gleason, New York City, of counsel.

Alexander & Green, New York City, for defendants, William R. McDermott, New York City, of counsel.

SUGARMAN, District Judge.

On July 20, 1956 the plaintiff commenced suit against Baltimore and Ohio Railroad and New York Central Railroad System for an injury allegedly sustained by him on February 1, 1956 at the Michigan Central Station in Detroit, Michigan. The complaint states a single cause of action against the defendants jointly.

In the first paragraph of his complaint, plaintiff alleges that at the time of the commencement of the action he "was a citizen and resident of Baltimore, Maryland."

In the second paragraph of his complaint, plaintiff alleges that the Baltimore and Ohio Railroad was at that time "a foreign corporation, engaged in business within the limits and jurisdiction of the United States District Court for the Southern District of New York."

In the third paragraph of his complaint, plaintiff alleges that the New York Central Railroad System was at that time "a domestic corporation with its principal office and place of business within the limits and jurisdiction of the United States District Court for the Southern District of New York."

The Baltimore and Ohio Railroad Company answered, admitting the allegations

contained in the second paragraph of the plaintiff's complaint and, in addition, affirmatively alleging "that it is a corporation organized and existing under and by virtue of the laws of the State of Maryland."

The defendant New York Central Railroad Company answered, denying the allegations of the third paragraph of the complaint except admitting that it was "a railroad corporation with an office and place of business within" this district.

Both defendants now move "to dismiss the complaint herein upon the ground that this Court is without jurisdiction of the action in that the plaintiff and the defendant Baltimore and Ohio Railroad Company are citizens and residents of the State of Maryland."

In its present form the complaint obviously does not set forth a civil action between citizens of different states [1] because the plaintiff and the defendant the Baltimore and Ohio Railroad Company are both citizens of the State of Maryland. Hence this court lacks jurisdiction.[2] The plaintiff's reliance on 28 U.S. C.A. § 1391(c) is ill placed [3] because that section deals with venue and not jurisdiction.

Were that all that the complaint reveals, the defendants' motion to dismiss, for lack of jurisdiction by virtue of the absence of diversity of citizenship between contesting parties, would have to be granted.

However, the court notices that the sixth paragraph of the complaint alleges that at the time of the claimed injury "plaintiff was in the employ of the Pullman Company, as a porter assigned to the defendant Baltimore and Ohio train No. 19–20 of the Baltimore-Detroit line 2093, car East Youngstown."

A Pullman porter has been held under certain circumstances to be an employee of the railroad upon which he serves.[4] Conversely, a Pullman porter has been held not to be an employee of such railroad under other circumstances.[5] In each instance the relationship between the Pullman Company and the railroad was the determining factor.[6] Although the Robinson case was decided by the Supreme Court three years after the Oliver case was decided by the district court, the latter was distinguished from the former 237 U.S. at page 92, 35 S.Ct. at page 493 and not overruled.

If this plaintiff was employed by the Pullman Company under an arrangement between it and the defendant the Baltimore and Ohio Railroad Company, similar to that involved in the Oliver case, then this court would have jurisdiction under the Federal Employers' Liability Act notwithstanding the lack of diversity between the plaintiff and the defendant the Baltimore and Ohio Railroad Company.[7]

Accordingly, the motion to dismiss for lack of jurisdiction is granted unless within 20 days from the entry of this decision, which constitutes the court's order, the plaintiff amends his complaint "to show that the District Court [has] jurisdiction to try this case." [8]

1. 28 U.S.C.A. § 1332(a) (1).

2. Seavey v. Boston & Maine R. R., 1 Cir., 1952, 197 F.2d 485; Moore v. Atlantic Coast Line R. Co., D.C.E.D.Pa.1951, 98 F.Supp. 375, 384.

3. 2 Moore's Fed.Prac., (2d ed.), 1628.

4. Oliver v. Northern Pac. Ry. Co., D.C.E. D.Wash.1912, 196 F. 432.

5. Robinson v. Baltimore and Ohio Railroad Company, 1915, 237 U.S. 84, 35 S. Ct. 491, 59 L.Ed. 849.

6. Richter & Forer, Federal Employers Liability Act, 45 U.S.C.A. § 51 et seq., 12 F.R.D. 13, 25.

7. 45 U.S.C.A. § 56.

8. Kern v. Standard Oil Company, 8 Cir., 1956, 228 F.2d 699, 701.