**JOHN AND SAL'S AUTOMOTIVE SERV-
ICE INCORPORATED, a New York
Corporation, Appellant,**

v.

**SINCLAIR REFINING COMPANY,
Appellee.**

**No. 174, Docket 25295.**

United States Court of Appeals
Second Circuit.

Argued Jan. 22, 23, 1959.

Decided March 23, 1959.

See also D.C., 165 F.Supp. 518.

Robert L. Collins, Harry J. Coman, New York City, for appellant.

Vincent A. Gorman, New York City, Everett L. Dodrill, New York City, for Sinclair Refining Co., defendant-appellee.

G. Frank Dougherty, New York City, appeared by permission for the Long Island State Park Commission and the Jones Beach State Parkway Authority.

Before HAND and WATERMAN, Circuit Judges, and BYERS, District Judge.

HAND, Circuit Judge.

This is an appeal from an order of the District Court for the Southern District of New York, Herlands, J., presiding, denying the plaintiff's motion for a preliminary injunction restraining the defendant, Sinclair Refining Company, from cancelling a contract entered into between itself and the plaintiff, a New York corporation, on March 24, 1954, which we shall speak of as the "Sublicense" and in which the plaintiff promised to supply and operate an "emergency towing service" over a part of the Southern State Parkway route on Long Island, New York. This "Sublicense" was ancillary to a contract, already existing between the Jones Beach State Parkway Authority and the Long Island State Park Commission (which we shall speak of as the "Authorities") on the one hand and the Sinclair company on the other,

which granted to the company the right to maintain a number of "service stations" on the Southern State Parkway route on Long Island, but required it to "provide adequate emergency towing and repair service along all parkways under the jurisdiction of the Commission and the Authority." This contract allowed the company, (§ 3), to "subcontract for or otherwise arrange for such emergency towing and repair service"; but provided that, "if, in the event, subsequent to the original approval by the Owners of any such subcontractor either the Commission or the Authority shall determine that such subcontractor's services are unsatisfactory, the Licensee shall, within thirty (30) days after written notice of such determination, terminate such subcontract and provide an approved replacement or directly provide such emergency service by the Licensee." The plaintiff has invested a large sum in land and apparatus in reliance, as it says, upon the Sinclair company's "representation to it that the agreement would last for five years," although the "Sublicense" itself—a copious contract—does not so declare.

The action was originally begun, not only against the Sinclair company, but also against the "Authorities," but on September 16, 1958 Judge Palmieri dismissed it as against them, (D.C., 165 F. Supp. 518), leaving the Sinclair company the sole defendant. The order on appeal had already been entered on July 25, 1958, but this appeal must be decided as though the Sinclair company had always been the only defendant; and the jurisdiction of the District Court rests upon the diversity of citizenship between the plaintiff, a New York corporation, and the Sinclair company, a Maine corporation. Section 11 of the "Sublicense" provided that it should be "subject and subordinate" to the Sinclair company's contract with the "Authorities," and that in "the event that said underlying permit" (i.e. the main contract itself) "is terminated for any reason whatsoever before the expiration of this license, this

license shall terminate simultaneously." Before June, 1958, the "Authorities" had received complaints from motor-car owners of the "emergency towing service" being rendered by the plaintiff of which they had informed the plaintiff. On June 26, 1958 the Sinclair company, acting in accord with the "Authorities," served a notice on the plaintiff cancelling the "Sublicense," as provided by § 10 of the "Sublicense" agreement which reads as follows:

"10. In the event that Licensee shall fail to comply with any of the provisions contained in this agreement or render this emergency service in such a manner as shall be unsatisfactory to the Long Island State Park Commission, the Jones Beach State Parkway Authority or Sinclair, this license shall be subject to cancellation by Sinclair upon not less than twenty-four (24) hours written notice."

The plaintiff's argument is that, although the clause we have quoted from the main contract required the Sinclair company to "terminate" the "Sublicense" in case the "Authorities" "determine that such subcontractor's services are unsatisfactory," the "determination," so provided for, must be preceded by a hearing at which the "Authorities" are obliged to show some reason why "the towing service" was "unsatisfactory," and at which the subcontractor shall have opportunity to meet the supposed defects. The plaintiff cites as authority for this the decision of the New York Court of Appeals in Hecht v. Monaghan, 307 N.Y. 461, 121 N.E.2d 421, where it was held that a taxicab driver, charged with misconduct, had the right to such a hearing followed by a review by certiorari, before his driving license could be cancelled. We do not express any opinion on that question in the case at bar; primarily, it is for the state courts, and indeed it may be one that, even though we have jurisdiction to pass upon it, we should not exercise it, but should insist that in the first instance it be decided by

those courts. Railroad Commission of Texas v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Spector Motor Service Inc. v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.

Quite aside from that question, the occasion is not one in which we should issue an injunction requiring the Sinclair company to reinstate the "Sublicense." It is true that the "Authorities" have not threatened to exercise their power under the 15th paragraph of the agreement to "terminate" their contract with the Sinclair company: that requires two preliminary written notices demanding compliance. On the other hand it was the "Authorities" who complained of the plaintiff's "towing service" in the first place, and it was they who prevailed upon the Sinclair company to cancel the "Sublicense." No reason is suggested to indicate that they have changed their mind, and if we should order the Sinclair company to reinstate the "Sublicense" and force it to comply, it is highly probable that they would insist upon a second cancellation. If they did so, nothing short of a judgment binding upon them would protect the Sinclair company; so that, while the "Authorities" are not parties to this action, the Sinclair company is in the position that, if it is directed to reinstate the "Sublicense," it has no protection against the cancellation of its contract by the "Authorities"; and incidentally, the plaintiff itself would not profit by the reinstatement, because the "Sublicense" is concededly a corollary of the main contract. In similar situations it is not the practice of a court of equity to intervene. Warner Valley Stock Co. v. Smith, 165 U.S. 28, 35, 36, 17 S.Ct. 225, 41 L.Ed. 621; Moore v. Anderson, 9 Cir., 68 F.2d 191.

Should the order that dismissed the action against the "Authorities" be reversed, our decision on this appeal will not affect any right the plaintiff may assert against the Sinclair company or the "Authorities."

Order affirmed.