JOHN AND SAL'S AUTOMOTIVE SERVICE INCORPORATED, Plaintiff-Appellant,

v.

JONES BEACH STATE PARKWAY AUTHORITY and Long Island State Park Commission, Defendants-Appellees.

No. 273, Docket 25427.

United States Court of Appeals
Second Circuit.

Argued May 7, 1959.

Decided June 10, 1959.

Robert L. Collins, New York City (Harry J. Coman, New York City, on the brief), for plaintiff-appellant.

Vincent A. Gorman, New York City (Joseph P. Walsh and Everett L. Dodrill, New York City, on the brief), for defendant-appellee Sinclair Refining Co.

G. Frank Dougherty, New York City, for defendants-appellees Jones Beach State Parkway Authority and Long Island State Park Commission.

Before CLARK, Chief Judge, WATERMAN, Circuit Judge, and EDELSTEIN, District Judge.

CLARK, Chief Judge.

Plaintiff had a contract as sublicensee with Sinclair Refining Company for emergency auto towing and repair service on the Southern State Parkway in Long Island. This had been made in accordance with the authorization of an agreement between Sinclair and the state park agencies named as codefendants giving the company the right to maintain a number of "service stations" on the Parkway and allowing it to subcontract for the towing and repair service. Sinclair has given plaintiff notice of the termination of its contract and sublicense, and plaintiff brought this action against it and the two state park agencies seeking a permanent injunction for the restoration of its privileges. Though not overclear on the record herein, it appears from the other proceedings noted that Sinclair's notice of termination was pursuant to a reserved power to the park authorities in the main contract to require a cancellation of the license upon a determination that the service was unsatisfactory. The order under appeal, however, only dismissed the two state park agencies for lack of jurisdiction and lack of diverse citizenship from the plaintiff, leaving the action pending as to Sinclair.

Before this order was entered plaintiff sought a preliminary injunction restraining Sinclair from cancelling the contract; this Judge Herlands denied, and his action was affirmed by another panel of this court, March 23, 1959, 2 Cir., 264 F.2d 711, in a reasoned opinion by Judge L. Hand. The opinion suggests serious obstacles against plaintiff's recovery. It indicates that any question as to the need of a hearing to determine whether plaintiff's service was unsatisfactory should be decided in the first instance at least by the state courts and that the relief sought could hardly be awarded against Sinclair alone, now that the state park agencies have been dismissed as parties. Notwithstanding these obstacles plaintiff has chosen to press its appeal asserting that the dismissal of the two agencies as parties was erroneous. But we are constrained to hold that plaintiff lacks here a final judgment from which to appeal. It will be noted that it has already had its interlocutory appeal from denial of a temporary injunction.

The facts already recited show that the cancellation of the license came from the joint and concerted action of all three defendants originally named. There is thus this "jointness" of action among the defendants showing a single claim which cannot be separated into component parts for the purpose of separate or piecemeal appeals. See complete discussion by Frank, J., in Republic of China v. American Express Co., 2 Cir., 190 F.2d 334, and our holding, citing many cases, in Gauvreau v. United States Pictures, 2 Cir., 267 F.2d 861. The appeal must therefore be dismissed.

Appeal dismissed.