Thomas P. FITZGERALD, an infant over the age of fourteen years, by his Guardian ad litem, Bridget Fitzgerald, and Bridget Fitzgerald, Plaintiffs,

v.

SOUTHERN RAILWAY COMPANY and New York Central Railroad Company, Defendants.

United States District Court
S. D. New York.
June 29, 1959.

Samuel P. Sporn, Brooklyn, N. Y., for plaintiffs.

Gerald E. Dwyer, New York City, for defendant New York Cent. R. Co. David Lasky, New York City, of counsel.

Davis, Polk, Wardwell, Sunderland, & Kiendl, for defendant Southern Ry. Co.

HERLANDS, District Judge.

Whether "diversity" exists for purposes of diversity-of-citizenship jurisdiction is the fundamental question posed by the fact that the defendant New York Central Railroad Company is a multistate corporation. The issue is raised by said defendant's cross-motion to dismiss as to said defendant for lack of jurisdiction. Plaintiffs have moved to strike out said defendant's answer on the ground that said defendant has defaulted in answering plaintiffs' interrogatories.

This action, based jurisdictionally on diversity of citizenship, is for personal injuries and loss of services alleged to have resulted from a claimed injury occurring on May 28, 1958 while plaintiff, Thomas P. Fitzgerald, was attempting to open the door of a freight car at Elmsford, New York.

The complaint (served on defendant New York Central Railroad Company on

February 9, 1959) alleges that plaintiff, Thomas P. Fitzgerald, is a resident of New York state (paragraph "First") and that said railroad company is a foreign corporation (paragraph "Fourth"). The complaint further alleges that there is diversity of citizenship between the plaintiff and defendants and that this court has jurisdiction as a result thereof (paragraph "Sixth").

In its answer, defendant New York Central Railroad Company admitted that it is a railroad corporation duly organized and existing pursuant to the laws of the State of New York and of other states (paragraph "1").

The opposing affidavits of Robert W. Carroll, an Assistant Secretary of the New York Central Railroad Company, aver that at all material times said railroad company was "duly organized and existing pursuant to the Laws of the State of New York *and of other states,*" the other states being "Pennsylvania, Illinois, Michigan, Ohio and Indiana." (Emphasis supplied.) The corporate seal impressed upon said opposing affidavits corroborates the fact of multi-state incorporation.

■ The overwhelming majority of the federal courts hold that when, as here, a citizen of State X [New York] sues a corporation incorporated in States X [New York] and Y, in a federal court sitting in State X [New York], that court does not have diversity jurisdiction over the subject-matter. First Circuit: Jacobson v. New York, N. H. and H. R. Co., 1 Cir., 1953, 206 F.2d 153, 154, certiorari granted 1953, 346 U.S. 895, 74 S.Ct. 224, 98 L.Ed. 397, affirmed (per curiam) 1954, 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067; Seavey v. Boston and Maine R. Co., 1 Cir., 1952, 197 F.2d 485, 487, 488. Second Circuit: Lucas v. New York Central R. Co., D.C.S.D.N.Y.1950, 88 F.Supp. 536, 537; Waller v. New York, N. H. & H. R. Co., D.C.S.D.N.Y. 1955, 127 F.Supp. 863, 864–865); Brailey v. Baltimore & O. R. Co. and N. Y. Central R. Co., D.C.S.D.N.Y.1957, 151 F. Supp. 431, 432; Murphy v. Hudson & Manhattan R. Co., D.C.E.D.N.Y.1942, 45

F.Supp. 720. Fourth Circuit: Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 1936, 81 F.2d 60, 68, certiorari denied 1936, 298 U.S. 682, 56 S.Ct. 952, 80 L.Ed. 1402. Seventh Circuit: Starke v. New York, Chicago & St. Louis R. Co., 7 Cir., 1950, 180 F.2d 569, 570; Williams v. New York Central R. Co., D.C.Ind.1954, 125 F.Supp. 842, 843.

A different view has been expressed in the Third Circuit. Gavin v. Hudson and Manhattan R. Co., 3 Cir., 1950, 185 F.2d 104, 27 A.L.R.2d 739. Accord Bartron v. Delaware River Joint Toll Bridge Commission, 3 Cir., 1954, 216 F.2d 717, 719. But since the Supreme Court's affirmance of the Jacobson case, supra, district courts within the Third Circuit have declined to follow the Gavin case. Delaware River Joint Toll Bridge Commission v. Stults, D.C.D.N.J.1956, 146 F.Supp. 241, 242; Klee v. Pittsburgh & West Virginia Railway Co., D.C.W.D.Pa.1958, 22 F.R.D. 252, 254.

■ The legal fiction involving the concept of corporate citizenship in the context of this problem has been a favorite subject for critical analysis by scholars and commentators. See, e. g., McGovney, A Supreme Court Fiction, 56 Harv.L.Rev. 853, 1258 (1943); Hart and Wechsler, The Federal Courts And The Federal System (1953) 912–916. But this court is required to adhere to the rule that is now so firmly established.

■ The 1958 amendment of the Revised Judicial Code dealing with diversity jurisdiction, 28 U.S.C.A. § 1332(c) [1958 Supplement] does not affect the law regarding diversity of citizenship in cases involving multi-state corporations. Jaconski v. McCloskey & Co., D.C.E.D.Pa. 1958, 167 F.Supp. 537, 539.

■ The policy so clearly articulated by Congress and the courts is that we "should not be astute to widen federal diversity jurisdiction." See U.S.Code Cong. and Adm.News, 1958 No. 12 (Aug. 5, 1958), [85th Cong., 2nd Sess., Sen.Rep. No. 1830], pp. 2595–2596; Jaconski v. McCloskey & Co., supra; Delaware River

Joint Toll Bridge Commission v. Miller, D.C.E.D.Pa.1956, 147 F.Supp. 270, 273.

The cross-motion of defendant New York Central Railroad Company is granted, and the complaint is dismissed as to said defendant. Plaintiff's motion has thus become moot but, for docket purposes, may be marked as denied.

This decision constitutes an order.