**JOHN AND SAL'S AUTOMOTIVE SERVICE, INCORPORATED, a New York corporation, Plaintiff,**

v.

**SINCLAIR REFINING COMPANY, a corporation domiciled in the State of Maine, Defendant.**

United States District Court
S. D. New York.
Oct. 2, 1959.

Robert L. Collins and Harry J. Coman, New York City, for plaintiff.

Everett L. Dodrill, New York City, for defendant (Vincent A. Gorman, New York City, of counsel).

RYAN, Chief Judge.

This suit is again before us on a motion to dismiss the complaint for (1) failure to state a claim upon which relief can be granted and (2) failure to join an indispensable party.

The jurisdiction is predicated on diversity of citizenship and the requisite amount is alleged.

From the pleadings it appears that, on March 24, 1955, plaintiff, John and Sal's Automotive Service Incorporated, a New York corporation, entered into an agreement with defendant Sinclair Refining Company, a Maine corporation, under which plaintiff was to supply emergency road service for a portion of the Long Island parkway system. The parkway property involved in this suit is owned by the State of New York and its operation is under the control of the Jones Beach State Parkway Authority. The Authority is a "public benefit corporation", which consists of the Commissioners of the Long Island State Park Commission. (These two bodies will be referred to as the "Authorities".)

It also appears that this agreement was in reality a "sub-license" granted by defendant and accepted by plaintiff with full knowledge of the relevant provisions of a primary license issued to defendant Sinclair by the "Authorities". The primary license was for five years and the "Authorities" reserved the right to pass on or dismiss, with the proper notice, anyone engaged by Sinclair under a sub-license clause.

A copy of the sub-license is attached to the complaint as Exhibit A and also attached is a copy of a letter from defendant, with a notation that it was received by plaintiff, terminating the agreement between Sinclair and plaintiff as of midnight June 29, 1958.

Plaintiff seeks an injunction restraining defendant from permitting anyone other than plaintiff from providing emergency service and from cancelling the sub-license. Plaintiff does not seek to recover monetary damages.

This suit was originally filed against defendant Sinclair and the "Authorities". A temporary restraining order was issued on July 3, 1958 and on July 8, 1958

a motion for an Injunction Pendente Lite was heard and denied, at which time the temporary restraining order was vacated. Plaintiff appealed and the Court of Appeals (2 Cir.) affirmed (264 F.2d 711).

On August 5, 1958, the multiple defendants made a joint motion to dismiss for lack of jurisdiction over the subject matter. On August 11, 1958, plaintiff amended its complaint and the motion was heard. The Court granted the motion as to the defendant "Authorities", but denied the motion as to defendant Sinclair, D.C., 165 F.S. 518. Plaintiff also appealed from this order and the Court of Appeals (2 Cir.) dismissed the appeal for lack of a final judgment. 267 F.2d 862.

On October 14, 1958, while these appeals were still pending, defendant Sinclair made a motion before us to dismiss for (1) failure to state a claim upon which relief could be granted and (2) failure to join an indispensable party. At that time we denied the motion without prejudice to renewal after termination of the pending appeals. The defendant now renews the motion.

■ For the purposes of the motion to dismiss for failure to state a claim, the well pleaded material allegations of the complaint are taken as admitted but conclusions of law or unwarranted deductions of fact are not admitted. 2 Moore's Federal Practice (2nd Edition) 2244, par. 12.08.

The complaint before the Court is the original one filed as amended prior to the August 11, 1958 motion. The "Authorities", dismissed by this Court as defendant, are still named parties in the allegations of this pleading, and we accept all of these allegations properly pleaded.

It is thus pleaded that defendant Sinclair prematurely and without justification terminated the agreement and had as its purpose the forfeiture of all the plaintiff's investment which was made in "reliance upon the original five year term called for in the original agreement of March 24, 1955" (Allegation 9 of Plaintiff's Complaint).

We have already noted that the original agreement is attached to the complaint and therefore a part of it (Rule 10(c) F.R.Civ.P., 28 U.S.C.A.).

Nowhere in this agreement is there any mention of a five year term or, for that matter, of any term of years. Plaintiff does not plead a further subsequent oral agreement but relies entirely on the "original agreement".

Clause "ten" of the sub-license states that if plaintiff "renders this emergency service in such a manner as shall be unsatisfactory to the * * * ["Authorities"] or Sinclair, this license shall be subject to cancellation by Sinclair upon not less than twenty-four hours written notice."

■ Accepting the complaint and its allegations together with the sub-license which is a part of the complaint, we find no valid or enforceable claim for relief. Defendant acted lawfully and within its rights under the contract in terminating. We cannot agree that the five year period in the primary contract was incorporated into the sub-license by Clause "eleven" of the sub-license which stated " * * * Licensee herein agrees to comply with all the terms, covenants and conditions of such permit to be performed on the part of Sinclair with respect to said emergency service for repairs and towing * * *".

■ Although we read the allegations of the complaint in a light most favorable to plaintiff, we may not apply a strained interpretation to the sub-license (Zeligson v. Hartman-Blair, 10 Cir., 1942, 126 F.2d 595; Ryan v. Scoggin, 10 Cir., 1957, 245 F.2d 54).

■ Moreover, assuming arguendo, that the complaint did state a claim, the motion to dismiss for failure to state a claim *upon which relief can be granted* must still be granted since the relief prayed for (injunction) can not be granted plaintiff without the "Authorities" as parties defendant. See Judge Hand's opinion, 264 F.2d 711, 714. An injunction against defendant Sinclair would give plaintiff a Court-granted right to

enter upon and conduct business upon land controlled by law by the "Authorities". The "Authorities" still retain the right to terminate the sub-license which is subject to the principal license, by giving the proper notice. Any injunctive relief which did not include the "Authorities" would not afford plaintiff complete relief. Moreover, Sinclair would be in the position that, if it were ordered by the Court to reinstate plaintiff, it would have no protection against the cancellation of its contract with the "Authorities" (Paragraph 15 of the Primary License). If the "Authorities" did cancel Sinclair's license, plaintiff's sub-license would "terminate simultaneously" under Clause "eleven" of the sub-license. A court of equity, under the circumstances, will not intervene. Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621; Moore v. Anderson, 9 Cir., 68 F.2d 191.

The motion to dismiss for failure to state a claim upon which relief can be granted is, for the reasons given above, granted.

There is no reason to give plaintiff leave to amend. It does not and cannot allege damages at law (Clause "twelve" of the sub-license precludes recovery of damages at law) and under the facts of this case the Court cannot award any further relief than that requested in the complaint. Cf. Edward B. Marks Music Corporation v. Charles K. Harris Music Corporation, 2 Cir., 1958, 255 F.2d 518.

Since we also hold that the "Authorities" are indispensable parties to any action for injunctive relief and they cannot be joined in a complaint without divesting this Court of jurisdiction under 28 U.S.C.A. § 1332 (see opinion, D.C., 165 F.Supp. 518), the plaintiff may not be granted relief (if, indeed, it has a right to any) in this Court.

"Persons who not only have an interest in a controversy but an interest of such a nature that a final decree cannot be made without * * affecting that interest [are indispensable parties]." Shields v. Barrow,

17 How. 129, 130, 58 U.S. 129, 130, 15 L.Ed. 158; Federal Practice and Procedure, Barron & Holtzoff (1950), Sec. 357.

Any injunction seeking to compel Sinclair to refrain from terminating plaintiff's license to operate on the Long Island Parkways would, for the reasons relating to the ownership and control of the property stated above, most certainly affect an *interest* of the "Authorities".

Moreover, plaintiff when it signed the sub-license knew its actions were subject to the ultimate control of the "Authorities". The sub-license is replete with references to the primary license between Sinclair and the "Authorities" and to the right of the "Authorities" to control plaintiff's actions. The sub-license was made "subject and subordinate" to the primary license which contained detailed provisions about emergency rates and equipment, color and marking of equipment and set out at length the entire emergency service operation.

From the entire complaint and there is a point where separation becomes impossible, it is evident that the action complained of was a joint action of Sinclair and the "Authorities". Any attempt to separate Sinclair and the "Authorities" or to separate their actions in this matter for the purposes of litigation, ignores fact and common legal principles. (See the opinions of Judge Hand, 2 Cir., 264 F.2d 711 and Judge Clark, 2 Cir., 267 F.2d 862 in earlier phases of this suit.)

In the earlier motion to dismiss for lack of jurisdiction over the subject matter, the Court necessarily held that the complaint stated a claim upon which relief could be granted and that the "Authorities" were not indispensable parties. We are not bound to follow these conclusions following the appeals which have intervened. Dictograph Products Company v. Sonotone Corporation, 2 Cir., 1956, 230 F.2d 131.

The complaint is dismissed, and the Clerk is directed to enter judgment accordingly.