**Charles N. STROUP, Plaintiff,**

v.

**PITTSBURGH AND LAKE ERIE RAILROAD COMPANY, Defendant.**

**Civ. No. 36277.**

United States District Court
N. D. Ohio, E. D.

Sept. 12, 1960.

John Ruffalo, Youngstown, Ohio, for plaintiff.

Jack Harris, Wilson & Wyatt, Youngstown, Ohio, for defendant.

JONES, District Judge.

This is an action to recover for personal injuries sustained by the plaintiff as a result of a collision at Campbell, Ohio, on November 17, 1959, between railroad cars of the defendant and a tractor-trailer operated by the plaintiff. Defendant moves the court for an order dismissing the action on the ground of lack of jurisdiction in that diversity of citizenship, as required by 28 U.S.C.A. § 1332, is not present.

The complaint alleges that defendant is incorporated in Pennsylvania, and is therefore a citizen of that State. While this allegation is true, defendant points out that it is also incorporated in Ohio and is thus a citizen of Ohio, as is the plaintiff.

Section 1332, in part, reads as follows:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

It is manifest that the "principal place of business" phrase of this section was adopted to reduce the extent of pure diversity jurisdiction. Plaintiff's argument is that where a corporation can be regarded as a citizen of several states, it should be held to be a corporation of a state other than the state in which an action is brought, in order to extend diversity jurisdiction. This argument is contrary not only to the obvious purpose of § 1332 (c) as a jurisdictional limitation, as illustrated particularly by its amendment, but also violates the fundamental rule of the Federal Courts that any doubt will be resolved against jurisdiction.

Further, an Ohio corporation is a citizen of Ohio within the plain provisions of the pertinent section. This court cannot hold that since the corporation is also a Pennsylvania citizen, it thereby loses its status as an Ohio citizen.

Accordingly, the motion to dismiss is granted.