**Mary HUDAK, Plaintiff,**

v.

**PORT AUTHORITY TRANS-HUDSON CORP., Defendant.**

United States District Court
S. D. New York.

March 2, 1965.

Sidney Goldstein, New York City, for defendant.

Walter J. Hudzin, Rose Caputo, New York City, for plaintiff.

WYATT, District Judge.

This is a motion by defendant Port Authority Trans-Hudson Corporation ("Path") to dismiss the action for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b) (1). For reasons to be set forth, the motion must be denied.

Path is a subsidiary corporation of The Port of New York Authority (the "Authority"), which Authority is a body corporate created by compact between the States of New York and New Jersey, with the consent of Congress (42 Stat. 174). Path was incorporated in 1962 after the legislatures of New York and New Jersey had each enacted legislation for the "acquisition, rehabilitation and operation" by the Authority of the Hudson Tubes theretofore owned and operated by "Hudson & Manhattan interurban electric railway" (Laws of New Jersey 1962, Chapter 8; Laws of New York 1962, Chapter 209). This legislation provided that the Authority could act with respect to the Hudson Tubes through "wholly owned subsidiary corporations" which could be formed by filing a certificate of incorporation with the secretaries of state of the respective two states (for example, Laws of New York, Chapter 209, § 12). Path was so formed in 1962. Its certificate of incorporation states that its "principal office" is to be in the city of New York.

Plaintiff is a citizen of New Jersey who sues in this Court for personal injuries claimed to have been sustained in New York on December 26, 1963 in connection with the operation by Path of its tube train business. Jurisdiction is claimed on the basis of diversity of citizenship. Plantiff says that she is a citizen of New Jersey whereas Path is a citizen of New York because it has its "principal offices" here (Complaint, para. 2).

Whether this Court has jurisdiction depends on the interpretation of the provision added in 1958 as "(c)" to 28 U.S.C. § 1332 and which provision reads as follows:

"a corporation shall be deemed a citizen of *any* State by which it has been incorporated and of the State where it has its principal place of business" (emphasis supplied).

Plaintiff argues for diversity jurisdiction on the fact that Path was incorporated in New York and has its "principal place of business" in New York while she is a citizen of New Jersey.

Defendant Path denies that there is diversity jurisdiction, contending that it must be "deemed a citizen of any State by which it has been incorporated", that it has been incorporated in New Jersey, that it is accordingly a citizen of New Jersey, and that thus diversity is lacking. Defendant would read "any State" as the equivalent of "every State" and, as will shortly be seen, would interpret the addition in 1958 of subdivision (c) to 28 U.S. C. § 1332 as changing the pre-existing law with respect to diversity jurisdiction of multi-state corporations.

This is a case of first impression and must be considered against the relevant background.

We must first see how federal law had developed by 1958 as to the jurisdictional position for diversity purposes of corporations which were incorporated in more than one State.

Historically, the railroads were among the first which developed the technique of incorporation in several different States. This was because the railroads of necessity had to do business in several States and yet a corporation, according to the original theory, could have no existence outside the State of its incorporation. Later, incorporation in several States (sometimes called "multiple incorporation" or "multi-state corporations") was the result of mergers or, in some cases, of state laws requiring domestic incorporation as a condition of doing business in the state. 1 Moore's Federal Practice (2d ed.) 723; 46 Yale L.J. 1370–72 (1937); Henderson, The Position of Foreign Corporations in American Constitutional Law, 28–31.

Multiple incorporation, of course, raised problems in federal diversity jurisdiction.

These problems had been long resolved by 1958 by the "forum" doctrine, according to which a defendant multi-state corporation when sued in one of the states of its incorporation is regarded for diversity purposes as a citizen only of that state, namely, the state in which it is sued. The doctrine arose from language of the Supreme Court about a railroad, incorporated in Illinois, Wisconsin and Michigan and which was sued in Wisconsin by a citizen of Illinois. The railroad denied diversity, urging that it was incorporated in Illinois and in fact had its principal place of business there. The Supreme Court said (Chicago & N. W. Ry. Co. v. Whitton's Admr., 80 U.S. (13 Wall.) 270, 283, 20 L.Ed. 571 (1871); emphasis in original):

"The answer to this position is obvious. In Wisconsin the laws of Illinois have no operation. The defendant is a corporation, and as such a citizen of Wisconsin by the laws of that State. It is not *there* a corporation or a citizen of any other State. Being there sued it can only be brought into court as a citizen of that State, whatever its status or citizenship may be elsewhere."

It can be seen that if the quoted statement is still good law, there is diversity jurisdiction in the case at bar.

Judge Goodrich thought that the quoted statement was not good law. In Gavin v. Hudson & Manhattan Ry. Co., 185 F.2d 104, 27 A.L.R.2d 739 (3d Cir. 1950), he wrote for the Court, holding that a New Jersey citizen could sue a two-state (New York and New Jersey) corporation in the federal court in New Jersey if the complaint "declared against this railroad as a New York corporation" (185 F.2d at 107).

While Judge Goodrich thus rejected the forum doctrine, his decision actually means that there would be diversity jurisdiction in the case at bar because plaintiff definitely declares against Path as a New York corporation.

In Seavey v. Boston & Maine R. R., 197 F.2d 485 (1st Cir. 1952), the First Circuit declined to follow Gavin and dismissed for want of jurisdiction an action in the Massachusetts federal court by a Massachusetts citizen against a railroad incorporated in Massachusetts, New York and New Hampshire; plaintiff had alleged that defendant was a citizen of New York.

The Supreme Court in 1954 appears again to have given its approval to the forum doctrine. In Jacobson v. New York, N. H. & H. Ry. Co., 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067 (1954) it unanimously affirmed the dismissal of an action similar to Seavey citing Seavey with approval. After Jacobson, the Third Circuit recognized that Gavin was no longer good law. Di Frischia v. New York Central R. R. Co., 279 F.2d 141 (3d Cir. 1960).

It seems clear, therefore, that before the 1958 amendment there would unquestionably have been diversity jurisdiction of the case at bar, both under the forum doctrine as well as under the Gavin principle.

Did the 1958 amendment to 28 U.S.C. § 1332 change the law in this respect?

■ There is nothing in the legislative history to justify an affirmative conclusion. There was no consideration by Congress of the multiple incorporation problem; the sole interest of Congress was in preventing a corporation sued in the state of its principal place of business from removing to the federal court on the ground, valid before the 1958 amendment, that it was incorporated in another state. 104 Cong.Rec. 12683–12690 (1958); 2 U.S.Code Cong. & Ad. News (1958), pp. 3099–3136. It may also be noted that the 1958 amendment uses the phrase "any State" as opposed to "every State"; had Congress used "every State" the meaning would be clear but "any State" is equivocal to say the least. See Friedenthal, New Limitation on Federal Jurisdiction, 11 Stan.L.Rev. 213, 238 (1959). But see id. at 240 n. 136. See also Note, 48 Iowa L.Rev. 410, 421–422 (1963); Note, 58 Colum. L.Rev. 1287, 1299 (1958). Contra, Cowen, Federal Jurisdiction Amended, 44 Va.L.Rev. 971, 975 (1958); Note, 72 Harv.L.Rev. 391, 394–395 (1958).

Judge Herlands has stated (in another context) that the 1958 amendment "does not affect the law regarding diversity of citizenship in cases involving multistate corporations". Fitzgerald v. Southern Ry. Co., 176 F.Supp. 445, 446 (S.D. N.Y.1959). See also Majewski v. N. Y. Cent. R. R. Co., 227 F.Supp. 950, 952 (D.C.Mich.1964); Jaconski v. McCloskey & Co., 167 F.Supp. 537 (E.D.Pa.1958). But see Evans-Hailey Co. v. Crane Co., 207 F.Supp. 193, 201 (M.D.Tenn.1962); Stroup v. Pittsburgh & L. E. R. R. Co., 186 F.Supp. 154 (N.D.Ohio, 1960).

The conclusion here reached is contrary to the views of the authors of two leading treatises. 1 Moore's Federal Practice (2d ed.) 723.50–723.58; 1 Barron & Holtzoff (Wright ed.) 142.

■ But absent any evidence of an intent by Congress to change pre-existing law, there seems no reason for a District Court to put aside that law so clearly established. In the case at bar, there are no considerations of policy or otherwise to make that course desirable. It is not unnatural for plaintiff to bring her suit here, where the incident in suit took place. There is nothing forced or technical or of historical accident in the incorporation of Path in New York as well as New Jersey. Path exists by virtue of a voluntary agreement between New York and New Jersey; it has important property here; its principal place of business is here. Plaintiff is an individual citizen of New Jersey. There is diversity jurisdiction, as I see it.

The motion is denied.

So ordered.