Bishop Paul A. LAWSON, Elder Noble Harris, Elder Randall Roberts, and Elder James Long, Trustees of the True Grace Memorial House of Prayer for all People, Church on the Rock of the Apostolic Faith, an unincorporated association

v.

UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF the CHURCH ON the ROCK OF the APOSTOLIC FAITH, a District of Columbia religious corporation, and Walter McCullough, as Bishop and principal Officer of United House of Prayer for All People of the Church on the Rock of the Apostolic Faith, a District of Columbia religious corporation.

Civ. A. No. 38834.

United States District Court
E. D. Pennsylvania.
March 29, 1966.

Malcolm W. Berkowitz, Philadelphia, Pa., for plaintiffs.

Carlyle M. Tucker, Philadelphia, Pa., Richard Z. Steinhaus and Stephen Hochhauser, New York City, for defendants.

DAVIS, District Judge.

The matter now before the court is a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. There is no need to enumerate in detail the basis of the complaint since it appears that diversity of citizenship is lacking, thus depriving this court of jurisdiction over the subject matter.

The complaint is first of all deficient in that the citizenship of none of the plaintiff trustees of the unincorporated religious association is set forth. See Rule 8(a) (1) of F.R.Civ.P.; 1 Barron & Holtzoff, Federal Practice & Procedure § 26. However, to avoid a procedural morass, we will accept the affidavit of one of the plaintiffs submitted at the court's request, showing that he is a citizen of Pennsylvania.

The complaint also avers that the defendant organization is an association incorporated under the laws of the District of Columbia, but it does not state the citizenship of the individual defendant, Bishop Walter McCullough. Here again the complaint is defective, but we will assume that he too is a citizen of the District of Columbia.

Even presupposing that one plaintiff is a Pennsylvania citizen and that both the individual and corporate defendants are citizens of the District of Columbia, the court has been apprised that the defendant religious organization is also incorporated under the laws of the Commonwealth of Pennsylvania. This fact has been verified by a certified copy of the Incorporation Decree approved on June 22, 1961 by the late Eugene V. Alessandroni, President Judge of the Court of Common Pleas No. 5 of Philadelphia County.

■ 28 U.S.C. § 1332(c) provides that for the purpose of diversity jurisdiction "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The reason for a corporation's possible multi-citizenship under this statute is to restrict the jurisdiction of the federal courts and thus limit their caseload. See 1 Barron & Holtzoff, Federal Practice & Procedure § 26 fns. 93.1–93.4.

■■ The law is clear that a corporation is deemed a citizen of each state [1] in which it is incorporated and that diversity jurisdiction is lost if a plaintiff is a domiciliary of any state of incorporation. Stroup v. Pittsburgh & Lake Erie Railroad, 186 F.Supp. 154 (N.D.Ohio 1960); Fitzgerald v. Southern Railway Co., 176 F.Supp. 445 (S.D.N.Y.1959). See 1 Barron & Holtzoff, Federal Practice & Procedure § 26 fns. 93.1; "Citizenship of Multi-State Corporations for Diversity Purposes" 48 Iowa L.Rev. 410 (1963).

Since diversity is not complete between all the plaintiffs and all the defendants, this court has no jurisdiction over the subject matter and must dismiss the complaint. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47 (1941); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

---

1. For the purpose of diversity jurisdiction, the District of Columbia is considered a state. National Mutual Ins. Co. of Dist. of Col. v. Tidewater Transfer Co., 337 U.S. 582, 69 S.Ct. 1173, 93 L.Ed. 1556 (1949).