Marlene OSLICK, Harold Oslick, Marci Lynn Oslick, Rochelle Oslick, Harvey Raymond Oslick and Jeffrey Sheldon Oslick, Plaintiffs,

v.

The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Triangle Maintenance Corporation and CNA Insurance Company, Defendants.

No. 79 Civ. 272.

United States District Court, S. D. New York.

Sept. 24, 1979.

Harold Oslick, pro se.

Patrick J. Falvey, New York City, for defendant The Port Authority of New York and New Jersey; James M. Begley, New York City, of counsel.

Morris, Duffy, Ivone & Jensen, New York City, for defendants Triangle Maintenance Corporation and CNA Insurance Company; James B. Reich, New York City, of counsel.

LASKER, District Judge.

Defendants' Triangle Maintenance Corporation and CNA Insurance Company's motion to dismiss for lack of complete diversity in accordance with 28 U.S.C. § 1332, is granted.

Plaintiff, a New Jersey citizen, filed this *pro se* complaint on behalf of his wife to recover for injuries allegedly sustained when she fell in World Trade Center # 5 on February 8, 1978. He also seeks to recover damages for himself and his children for loss of services. A final allegation on behalf of himself and his wife charges one of the defendants, CNA Insurance Company, with "fraudulently or willfully or negligently" failing to respond to plaintiffs' correspondence and causing them "great inconvenience, loss of time and mental anguish".

Defendants' motion to dismiss is based on their assertion of a lack of complete diversity on the claim that plaintiff and their co-defendant Port Authority are both citizens of New Jersey. While plaintiff acknowledges the Port Authority as a "joint creation" of the legislatures of New York and New Jersey, N.J.S.A. 32:1–157 et seq.; McKinney's Unconsolidated Laws § 6401 et seq.; he nonetheless maintains that it is a New York citizen for diversity purposes. To support this position, he argues that the World Trade Center, located in New York, is the "principal place of business" of the Authority. However, under 28 U.S.C. § 1332, a corporation's principal place of business is only one means of determining its citizenship; it is also a citizen of its place of incorporation.

The Port Authority was created by the New York and New Jersey legislatures to facilitate the "future planning and development of the port of New York", McKinney's Unconsolidated Laws § 6402. Under § 7106, the Port Authority consented to venue of legal actions where such actions are "laid within a county or a judicial district . . . situated wholly or partially within the port of New York district." As a body both "corporate and politic" (§ 6407), the Port Authority is a public corporation, and thus a citizen of both of the States which created it. *John & Sal's Automotive Service, Inc. v. Sinclair Refining Co.,* 165 F.Supp. 518 (S.D.N.Y.1958), *appeal dismissed* 267 F.2d 862 (2d Cir. 1959).[1] Where

---

1. This case did not address the question of the Port Authority's status specifically. However, it did hold the Jones Beach State Parkway Authority, as a public corporation, to be a citizen of the state which created it, and the principle appears fully applicable to the Port Authority. See also *So. Carolina Public Services Authority v. New York Casualty Co.,* 74 F.Supp. 831, 839 (D.C.E.D.S.C.1947).

a corporation has dual citizenship, a party bringing suit does not have the option to allege only one basis of its citizenship. Moore's Federal Practice 2d ed. ¶ 0.77[2.–1].

■ Prior to 1958, a multi-state corporation suing or being sued in one of its states of incorporation was treated only as a citizen of the forum state for diversity purposes. Moore's, *supra.* Thus, in *Bartron v. Delaware River Joint Toll Bridge Commission,* 120 F.Supp. 337 (D.C.N.J.1954), *aff'd* 216 F.2d 717 (3d Cir. 1954), *cert. denied,* 348 U.S. 943, 75 S.Ct. 364, 99 L.Ed. 738 (1955), *rehearing denied,* 348 U.S. 977, 75 S.Ct. 530, 99 L.Ed. 761 (1955), a citizen of Pennsylvania was allowed to bring suit in New Jersey against the Delaware River Joint Toll Bridge Commission, a corporation created by the legislatures of New Jersey and Pennsylvania. Subsequent to this decision, 28 U.S.C. § 1332 was amended to confer a dual citizenship on corporations where applicable. As a consequence, *Bartron* was expressly overruled by the Third Circuit in *DiFrischia v. New York Central R.R.,* 279 F.2d 141 (3d Cir. 1960), which held there could be no complete diversity where the defendant multi-state corporation and the plaintiff had a common citizenship in either of the states of incorporation, regardless of the forum.

■ Plaintiff states that, because he fears the statute of limitations has expired, dismissal of this action will foreclose any possibility of recovery for him, and he will be "substantially harmed". Unfortunately, "substantial harm" is not a ground upon which this court may continue to exercise jurisdiction. However, the plaintiff will be relieved to know that pursuant to C.P.L.R. § 205, he may file a new action in the New York courts within six months of the date of this dismissal should he choose to do so.

The motion is granted and the complaint is dismissed.

It is so ordered.