Kenneth E. SMITH, Plaintiff,

v.

ARUNDEL COOPERATIVE, INC., Defendant.

Civ. A. No. 86–3255.

United States District Court, District of Columbia.

May 26, 1987.

George P. Haldeman, Rockville, Md., for plaintiff.

Roger W. Heald, Washington, D.C., for defendant.

## ORDER

JOYCE HENS GREEN, District Judge.

Defendant Arundel Cooperative, Inc., moves to dismiss this case claiming that, as

a resident of both Maryland and the District of Columbia, it is not diverse from plaintiff, a resident of Maryland. By order dated May 5, 1987, the court directed defendant to file certified copies of its articles of incorporation and any other certified documentary evidence or affidavits demonstrating conclusively its residence. On May 20, 1987,[1] defendant filed a certified document from the Maryland State Department of Assessments and Taxation, which states that defendant is a Maryland corporation not in good standing due to its failure to pay 1986 personal property taxes. For the reasons set forth briefly below, the court will dismiss this case.

Defendant's submissions raise two discrete issues: first, whether its status as a corporation not in good standing in Maryland has any bearing on its Maryland residence; second, whether its residence in the District of Columbia preserves jurisdiction in this court under the "forum doctrine." Although there is a decided paucity of case law on either of these questions, the court concludes that the answer to both is no.

■ No court appears to have ever addressed the relevance, for purposes of diversity jurisdiction, of a corporation's failure to maintain good standing in a state of its incorporation. The diversity statute itself, however, provides that for diversity purposes, "a corporation shall be deemed a citizen of any State by which it *has been incorporated* and of the State where it has its principal place of business." 28 U.S.C. § 1332(c) (emphasis added). Defendant has been incorporated by the state of Maryland, and while it is currently not in good standing in that state, Maryland has not seen fit to revoke its corporate charter. As the Ninth Circuit observed, the diversity statute "refers to the state in which the appropriate regulatory agency has issued a certificate of incorporation or other legal document signifying that the corporation has been properly established pursuant to that state's law, *and ... no further in-*

*quiry is appropriate." Fritz v. American Home Shield Corp.,* 751 F.2d 1152, 1154 (9th Cir.1985) (emphasis added). Defendant has been properly established in accordance with Maryland's laws, and unless and until such time as Maryland revokes its charter for failure to pay taxes, defendant is properly deemed a resident of that state. Indeed, a rule that would tie a corporation's residence to the currency or delinquency of its state tax obligations would introduce a wholly unnecessary and confusing element to the law surrounding the diversity citizenship of corporations.

■ The second issue presented by defendant's motion—whether the forum doctrine preserves jurisdiction where, as here, the corporation is sued in a state in which it is incorporated—has generated both conflicting case law and some scholarly debate, though this circuit has never addressed the question. The forum doctrine, which was established prior to the 1958 amendments to the diversity statute, simply provides that where a company is incorporated in a number of states and is sued or sues in one of those states, it is to be treated for purposes of diversity jurisdiction as if it were only a citizen of the forum state. *See generally,* C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3626 (2d ed. 1984). Applying that doctrine here, defendant would be deemed a citizen only of the District of Columbia, where this suit was brought, and thus diverse from plaintiff. The adoption in 1958 of section 1332(c), which provides that a corporation is a citizen "of *any* State by which it has been incorporated," 28 U.S.C. § 1332(c) (emphasis added), raised the as-yet unresolved question of whether the forum doctrine survived the amendment of the diversity statute. In *Hudak v. Port Authority Trans-Hudson Corp.,* 238 F.Supp. 790 (S.D.N.Y.1965), the court found the language of section 1332(c) equivocal at best and therefore insufficient to override the firmly established forum doctrine. More recently, however, a num-

---

1. The May 5 Order directed defendant to file the documents in question within seven days, or by May 12, 1987. Defendant was unable to do so within the prescribed time; because the issue in question concerns this court's subject matter jurisdiction, however, the court accepted the untimely submission.

ber of courts have taken the view that the statute makes corporations citizens of *every* state in which they are incorporated, and thus abolishes the doctrine. *See Oslick v. The Port Authority of New York & New Jersey*, 83 F.R.D. 494 (S.D.N.Y.1979) (making no mention of *Hudak*); *French v. Clinchfield Coal Co.*, 407 F.Supp. 13 (D.Del.1976) (rejecting reasoning of *Hudak*). Commentators have weighed in on the side of the latter courts, noting in particular that one of the paramount goals of the 1958 amendments was to limit diversity jurisdiction and thereby reduce the workload of the federal judiciary. *See generally*, C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3626; American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Official Draft, § 1301(b)(1) (1969) (proposing that "any" be changed to "every" state, in order to lay rest to any doubt as to proper construction of § 1332(c)). While neither the Supreme Court nor this circuit have addressed the question, this court finds the latter interpretation of the statute more persuasive and consistent with congressional intent. Accordingly, because the court finds that defendant is a citizen of both Maryland and the District of Columbia, and because plaintiff is a citizen of the former state, the court concludes that there is no diversity between the parties and that jurisdiction is therefore lacking in this forum. This case will therefore be dismissed without prejudice to plaintiff's right to reinstitute suit in the appropriate local forum.

SO ORDERED.